DELL, Judge.
Darryl Featherstone appeals from an order of revocation of probation and sentence.
In 1982, appellant pled guilty to charges of burglary of a structure and grand theft. The court placed him on probation for two years and withheld adjudication. On November 3, 1982, an affidavit of violation of probation was filed alleging that appellant had committed a robbery. Prior to the revocation hearing, during the depositions of two police officers, appellant learned that several persons had witnessed the robbery. However, the State refused to disclose their names and identities asserting that the witnesses had asked to remain anonymous. The appellant moved for a dismissal because of the State’s failure to disclose the names of the witnesses. After the court denied appellant’s motion to dismiss, appellant moved for an in camera hearing to determine whether or not the State’s right to protect the witnesses’ identities outweighed his right to know their names. The court denied this motion as well.
After hearing the evidence presented by the State, the trial court revoked appellant’s probation and sentenced him on the burglary charge to two years imprisonment as a youthful offender, followed by two years probation on community control, and on the grand theft charge to a concurrent term of four years probation.
Appellant challenges the sufficiency of the evidence, the trial court’s sentence, and raises the question whether the trial court should have conducted an in camera hearing of the anonymous witnesses which the State refused to identify.
In the absence of exculpatory evidence from • the anonymous witness the record contains sufficient evidence to support the trial court’s revocation of probation and the sentence. However, identity of the perpetrator of the robbery constituted a major issue in the revocation proceeding. Appellant argues that, in the absence of a determination by the trial court that the anonymous witnesses were confidential informants, that the trial court should have required the State to furnish him with their names since their testimony might have assisted him in his defense. The State responds and asserts that it did not rely on any information from the “confidential informants” during the probation revocation hearing and that appellant’s request for the information did not allege a sufficient basis to require disclosure of the informants’ identities.
Florida Rule of Criminal Procedure 3.220(c)(2) provides:
(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.
We also acknowledge that:
[T]he general rule is that the State has the privilege of nondisclosure of the identity of the confidential informant and the burden is on defendant to show why disclosure should be compelled. Treverrow v. State, 194 So.2d 250 (Fla.1967); State v. Anderson, 329 So.2d 424 (Fla. 3d DCA 1978).
Elkins v. State, 388 So.2d 1314, 1315 (Fla. 5th DCA 1980).
Here, the State did not establish that the anonymous witnesses should be given confidential informant protection. The only basis for the State’s refusal to disclose their identities is the alleged request of the witnesses to remain anonymous. We find this assertion wholly insufficient to deny appel *459 lant’s request for the names of eyewitnesses whose testimony might exculpate him from the burglary charges. The trial court abused its discretion in failing to grant appellant’s request for an in camera hearing based upon the State’s bare assertion that these witnesses constituted confidential informants. Just as Florida Rule of Criminal Procedure 3.220(c)(2) protects confidential informants, Rule 3.220(i) provides a method by which the court may satisfy itself that a witness is entitled to the protection afforded a “confidential informant.”
Therefore, we reverse and remand this cause to the trial court with directions to conduct an in camera hearing of the anonymous witnesses to determine whether or not they are entitled to confidential informant status and to enter such further orders as may be consistent herewith.
REVERSED and REMANDED.
BERANEK and HURLEY, JJ„ concur.