PER CURIAM.
On May 18, 1986, at about 11:20 pm, a Lums Restaurant at S.W. 88th Street and 127th Avenue in Kendall was robbed. During the robbery a customer was shot by the robber. One of the items stolen was a heavy gold chain with a distinctive medallion containing the owner’s birthdate written in Persian. The defendant attempted to pawn the gold chain without success, because he did not have identification. It was in fact pawned by the defendant’s wife. Her signature was on the pawn receipt. On May 20, 1986, an anonymous informer called Crimestoppers seeking a reward and identifying the defendant as the perpetrator of the robbery. Acting on that tip the police attained a search warrant and searched the défendant’s home where they found the fruits of the Lum’s robbery, and the gun used in the robbery. The defendant was arrested and charged with attempted first degree murder, five counts of kidnapping, burglary, armed robbery, and unlawful possession of a firearm while engaged in a criminal offense, and unlawful possession of a firearm by a convicted felon. Pursuant to a jury trial the defendant was found guilty on all counts with the exception of the burglary count. He was sentenced on the attempted murder and kidnapping charges to six life sen *302 tences and six three year minimum mandatory sentences, fifteen years on the unlawful possession of a firearm during commission of a felony and one year and one day on unlawful possession of a firearm by a convicted felon. All sentences were to run concurrently.
The appellant raises six points on appeal; the fifth being divided into three subpoints. Appellant alleges, in essence, error in the denial of his motion to disclose the identity of the confidential informant; denial of his motions for judgment of acquittal on the kidnapping charges; allowing the prosecutors to cross examine him about prior conviction for similar offenses; failing to give his requested jury instruction on identification and alibi; denying the appellant a fair opportunity to present his theory of defense by the aforementioned errors; and failing to grant defense motions to suppress out of court and in court identification because of restriction of cross examination of key state witnesses.
We find the appellant’s allegations to be without merit on this record, and in light of the conclusive evidence of the defendant’s guilt, error, if any, would be harmless. Brantley v. State, 279 So.2d 290 (Fla.1973); Ennis v. State, 300 So.2d 325 (Fla. 1st DCA 1974); Section 924.33, Florida Statutes (1991).
Affirmed.