STEVENSON, Judge.
The state petitions for certiorari review of an order of the circuit court requiring disclosure of the name and address of a private citizen who provided the police with a crime tip. The crime tip, concerning possible illegal drug activity, led the police to conduct a controlled buy which, in turn, led to the respondent’s arrest. The trial court refused to determine whether the citizen should be afforded the general protections of anonymity regularly given to confidential informants based on the court’s view that “there is no anonymous citizen privilege.” Because we hold that a private citizen may be afforded the protections of confidential informant status under the above-described circumstances, we grant certiorari and quash the order.
Under Florida Rule of Criminal Procedure 3.220(g)(2), disclosure of the identity of a “confidential informant” is generally not required unless the state plans to call the informant as a witness, or if the failure to disclose the informant’s identity will infringe upon the constitutional rights of the accused. In the instant case, although the state did not intend to call the citizen providing the confidential information as a witness, the trial court ordered the disclosure of the citizen’s identity without balancing the state’s right to protect the witness’s identity against the defendant’s need to have the information. In failing to conduct the balancing test, the trial court departed from the essential requirements of the law.
For the purposes of rule 3.220(g)(2), we see no distinction between a citizen who gives the police information concerning possible criminal activity, with a request that their identity remain confidential, (a so-called “anonymous tipster”) and a person who supplies information to the police on a regular or contracted basis or because they no longer wish to continue their own involvement in a particular criminal enterprise (the eommonly-thought-of “confidential informant”). There is no indication that the use of the term “confidential informant” in the rule was intended to have the restricted meaning which the trial court has suggested. In State v. Johnson, 285 So.2d 53, 55 (Fla. 2d DCA 1973), cert, dismissed, 289 So.2d 9 (Fla.1974), the second district commented that despite “the commonly-thought-of definition of a confidential informant who, in exchange for ren-umeration, tips off a law enforcement agency that a suspect has committed or is likely to commit a crime,” the phrase “confidential informant ... has no independent meaning of its own and takes substance only from the factual and legal context in which it is to be applied.”
In the context of the instant case, it is clear that the anonymous tipster in question, a person who gave the police information of potential on-going illegal drug sales activity and requested that his (or her) identity not be disclosed, which then led the police to conduct their own independent investigation, is a confidential informant. In Hinson v. State, 595 So.2d 301 (Fla. 3d DCA 1992), a private citizen, seeking a reward, called a “Crimestoppers” program and identified the defendant as the perpetrator of a robbery. Acting on that tip, the police obtained a search warrant and searched the defendant’s home where they found fruits of the crime. The third district, without discussion, equated the anonymous tipster with a confidential informant and found no error in the trial court’s denial of the defendant’s motion to disclose the tipster’s identity.
Respondent’s reliance on Featherstone v. State, 440 So.2d 457 (Fla.'4th DCA 1983) for his position that anonymous tipsters are not *928 confidential informers within the scope of the privilege is misplaced. In Feather stone, this court held that the state’s mere assertion that certain witnesses requested to remain anonymous was insufficient to deny the defendant’s request for their names. There, the informers were actually eyewitnesses to the crime charged and their testimony could have exculpated defendant from the pending burglary charges. The court did not attempt to define the scope of the term confidential informant, but instead, concluded that the state could not withhold the identity of an eyewitness with information that might exculpate a defendant merely because the witness wished to remain anonymous. In Featherstone, the case was simply remanded back to the trial court to conduct the proper balancing test.
In Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957), the supreme court acknowledged the existence of a governmental privilege to withhold the identity of persons furnishing information regarding crimes, noting that the purpose of the privilege was' to further and protect the public interest in effective law enforcement by (1) recognizing the obligation of citizens to report the commission of crimes to law enforcement and (2) by preserving their anonymity, encouraging them to do just that. The court further recognized that the privilege is limited by the fundamental requirements of fairness “[w]here the disclosure of an informer’s identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause ...” Id. at 60-61, 77 S.Ct. at 627-28. The court noted that no fixed rule with respect to disclosure is justified, but held that a reviewing court must balance the public interest in protecting the flow of information against the individual’s right to prepare his defense in a given case. Id. at 62, 77 S.Ct. at 628.
In Harrington v. State, 110 So.2d 495, 497 (Fla. 1st DCA 1959), the court reviewed the compelling public policy reasons behind the privilege of nondisclosure in certain instances:
The privilege whereby law enforcement officers are not required to disclose the identity of those furnishing information with regard to commission of crimes is based on sound public policy and has long been recognized by the courts of this country and of England. It is common knowledge that without the aid of confidential informants the discovery and prevention of crime would present such a formidable task as practically to render hopeless the efforts of those charged with law enforcement. And the alarming fact that the underworld often wreaks vengeance upon informers would unquestionably deter the giving of such information if the identity of the informer should be required to be disclosed in all instances.
The public policy reasons for protecting the identity of the private citizen wishing to report possible neighborhood criminal activity are at least as strong as they are for protecting the identity of a paid informant or reformed co-conspirator. Each group faces potential reprisals and would be encouraged to report the commission of crimes if the possibility of remaining anonymous is present. Of course, confidentiality can never be assured in a given ease; but at least, the person providing the information with the hope of confidentiality will have the protection of the trial court’s balancing test.
Accordingly, we quash the order of the trial court which requires disclosure and remand this case for the trial court to determine whether the defendant’s interest in obtaining the witnesses’ identity outweighs the state’s privilege of nondisclosure. The trial court should consider conducting such analysis in camera. See Fla.R.Crim.P. 3.220(m); State v. Harklerode, 567 So.2d 982, 985 (Fla. 5th DCA 1990).
GUNTHER, C.J., and KLEIN, J., concur.