SHAHOOD, J.
Appellant, John Doe, appeals from the denial of his emergency petition for writ-of prohibition and/or writ of mandamus to *882 restrain the state from releasing unredact-ed documents that might identify him as a source in a criminal investigation involving the Mayor of Lighthouse Point and others. In the alternative, appellant had requested that the court compel the redaction of the public record through Chapter 119, Florida Statutes, of the Public Records Act. We reverse and remand.
In his petition, appellant alleged that he communicated by letter to Assistant State Attorney Tim Donnelly, the Division Chief of the Special Prosecutions Unit in the State Attorney’s Office, regarding allegations that the Mayor of Lighthouse Point and at least one other person were in violation of the City’s Building Code, and that said violations were affected by campaign contributions made to the Mayor. Appellant requested that he remain anonymous out of fear of reprisals or retribution by individuals named in the letter.
Appellant alleged that the State Attorney’s Office “utilized this letter urging confidentiality for the source of this information, in energizing a criminal investigation, and began an inquiry into the facts and circumstances alleged therein.” While the State Attorney’s Office determined that there were no criminal violations, the City of Lighthouse Point ultimately found various building code violations that resulted in fines to the homeowner.
Appellant alleged that based on conversations with the State Attorney’s Office, he was led to believe that they would honor his request for confidentiality. After the State Attorney’s Office determined that there were no criminal violations, appellant was advised that the Florida Public Records Law required that all documents and investigative materials, not otherwise exempt, upon the closure of a criminal ease, would be open to the public.
Thereafter, appellant faxed a letter to Assistant State Attorney Alesh Guttmann, who worked on the investigation, expressing his concern over the investigation and stated “[h]ad we discussed the possibility of this information becoming public record from the beginning, I would not have proceeded!”
Appellant filed his emergency motion after being told by the State Attorney’s Office that the state would not voluntarily redact such information.
The trial court .issued an order to show cause to the State Attorney’s Office. In its response, the state claimed that none of the assistant state attorneys who spoke with appellant ever promised appellant anonymity in exchange for his information concerning the alleged violations on the part of the Mayor of Lighthouse Point and one of its citizens. The State Attorney argued that since appellant was never granted the status of a confidential source, the state’s file, including correspondence containing appellant’s name, should be subject to the Public Records Law and be available to the public upon request.
Following an evidentiary hearing, the trial court denied the requested relief and held that because the Public Records Act did not define “confidential source,” such a determination should be left to the discretion of the agency. The court acknowledged that the State Attorney’s Office neither had a policy or guideline in effect for allocating a “confidential source” status to an individual, nor had it ever had such a request. Nevertheless, the trial court held that since the State Attorney’s Office chose not to designate appellant as a confidential source or to exempt the information received from appellant from public disclosure, it would not disturb the agency’s decision. This was error.
Appellant argues on appeal that the trial court erred in failing to direct the state to withhold his identity under section 119.07(3)(c), Florida Statutes (2008), as a “confidential source.”
*883 Section 119.07(3)(c), Florida Statutes (2003), provides: “Any information revealing the identity of a confidential informant or a confidential source is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution.”
In this case, while it is undisputed that appellant made clear to the State Attorney’s Office that he wanted to remain anonymous out of fear of reprisals, he was never expressly designated by the State Attorney’s Office as a “confidential source” exempt from disclosure or promised anonymity. When told by the State Attorney’s Office that he would not be called as a witness because he did not have firsthand knowledge, appellant equated that with being granted anonymity. In fact, the State Attorney’s Office had no policy in effect concerning the status of a confidential source and never had a request for such designation until appellant’s request.
Appellant acknowledges that there is no definition, nor are there any criteria as to how an individual is designated a “confidential source,” but argues that based on the facts presented, he had a reasonable expectation of being assured confidentiality and thus falls within the ambit of section 119.07(3)(c). He urges that the sole discretion should not be left up to the agency to determine who is considered a “confidential informant” or “confidential source,” as was concluded by the trial court.
The general purpose of the Public Records Act (Chapter 119, Florida Statutes) is to open public records to allow Florida’s citizens to discover the actions of their government. See Christy v. Palm Beach County Sheriff’s Office, 698 So.2d 1365, 1366 (Fla. 4th DCA 1997) (citing City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136 (Fla. 4th DCA 1994), review denied, 651 So.2d 1192 (Fla.1995)). The public records law “is to be construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose.” Barfield, 642 So.2d at 1136. “[W]hen in doubt the courts should find in favor of disclosure rather than secrecy.” Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775, 779 n. 1 (Fla. 4th DCA 1985), review denied, 488 So.2d 67 (Fla.1986).
The case of State v. Natson, 661 So.2d 926 (Fla. 4th DCA 1995), relied upon' by appellant, although not directly on point with the facts of this case, is instructive. In Natson, the state sought certiorari review after the trial court ordered the disclosure of the name and address of a private citizen who provided the police with a crime tip that led to the defendant’s arrest. In reversing, this court held that the private citizen may be afforded the protections of confidential status under the above-described circumstances. 661 So.2d at 927.
Under Florida Rule of Criminal Procedure 3.220(g)(2), disclosure of the identity of a “confidential informant” is generally not required unless the state plans to call the informant as a witness, or if the failure to disclose the informant’s identity will infringe upon the constitutional rights of the accused. See id.
In Natson, while the state did not intend to call the citizen providing the confidential information as a witness, the trial court ordered the disclosure of the citizen’s identity without balancing the state’s right to protect the witness’s identity against the defendant’s need to have the information. In failing to conduct a balancing test, the trial court departed from the essential requirements of the law. See id. Thus, this .court held that the anonymous tipster who gave the police information on potential illegal drug activity and requested that his identity not be disclosed, which then led the police to conduct their own investiga *884 tion, was a confidential informant. See id. at 927; see also Hinson v. State, 595 So.2d 301 (Fla. 3d DCA 1992) (anonymous private citizen tipster providing information through “Crimestoppers” identifying defendant as perpetrator of a robbery, which led to his arrest, was equated with being a confidential informant). The Natson court noted that the public policy reasons for protecting the identity of a private citizen wishing to report possible neighborhood criminal activity was just as great as is the policy for protecting the identity of a paid informant or reformed co-conspirator. See Natson, 661 So.2d at 928.
Although appellant’s tip in this case did not lead to, an arrest or conviction or even a criminal charge, like Natson, appellant’s anonymous tip should be equated with that of a “confidential informant” or “confidential source.”
In Department of Justice v. Landano, 508 U.S. 165, 180-81, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993), the Supreme Court interpreted the meaning of “confidential source” within the meaning of the Freedom of Information Act, which exempted agency records compiled for law enforcement purposes from disclosure if the records released could reasonably be expected to disclose the identity of a confidential source. The Court adopted a “more particularized ' approach” and held that a source is confidential if the information was provided by the source “under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.” Id. at 170-72, 113 S.Ct. 2014. As to circumstances under which implied assurances of confidentiality may be inferred, the test is “whether the source furnished information with the understanding that the [agency] would not divulge the communication except to the extent the [agency] thought necessary for law enforcement purposes.” Id. at 174, 113 S.Ct. 2014; see also Ferguson v. Fed. Bureau of Investigation, 83 F.3d 41, 43 (2d Cir.1996).
Based on the record evidence in this case, it can be concluded while there was no express assurance of confidentiality by the State Attorney’s Office, appellant was justified in reasonably inferring or had a reasonable expectation that such assurance of confidentiality would be conferred by the state. Appellant informed the assistant state attorneys at each juncture in the investigation of his request to remain anonymous. Appellant was told that because he did not have firsthand knowledge he would not be called as a witness. The state knew that appellant was providing information as to possible criminal violations based on the belief that he would remain anonymous out of fear of reprisals. No one from the State Attorney’s Office ever disclosed to appellant that his identity would be subject to a public records disclosure. Only after the state closed its file did the State Attorney’s Office inform appellant that his identity would be revealed following public disclosure of the closed file.
' Based on the foregoing, we reverse and remand with directions that all identifying information, including appellant’s name, be redacted from the State Attorney’s closed file prior to any public records disclosure.
REVERSED AND REMANDED with directions.
FARMER, C.J., and TAYLOR, J., concur.