Chief Richard Slaughter Department of Public Safety Division of Police 209 West Howry Avenue Deland, Florida 32720
Dear Chief Slaughter:
You have asked for my opinion on substantially the following questions:
1. Is the report of a police investigation of a public employee confidential and exempt from disclosure prior to a complaint on the matter being filed with the Florida Commission on Ethics pursuant to section 112.324, Florida Statutes?
2. Following receipt of a complaint by the Ethics Commission, is the report of a police investigation of a public employee a public record or must it be kept confidential and exempt pursuant to section 112.324, Florida Statutes, until the conclusion of the Ethics Commission investigation?
3. Is a police report of the criminal investigation of a police officer a public record if the investigation has been concluded and the State Attorney has decided to prosecute?
4. Is a police report of the criminal investigation of a police officer confidential under section 943.1395(6)(b), Florida Statutes, if the investigation has been concluded and a copy has been forwarded to the Police Standards and Training Commission? 5. Would the answer to question 3 change if the initial investigation of the police officer was an internal investigation rather than a criminal investigation?
In sum:
1. and 2. A police report of an investigation of a public employee that has been concluded is a public record and is not made confidential and exempt from the provisions of section 119.07(1), Florida Statutes, by the fact that the same matter and individual are the subject of an ethics complaint pursuant to Part III, Chapter 112, Florida Statutes, or because a copy of the police report may be included in information obtained by the Ethics Commission pursuant to its powers to investigate complaints of ethics violations.
3. A police report of the criminal investigation of a police officer is a public record except to the extent that the report may contain active criminal investigative information as defined in section 119.07(3)(d), Florida Statutes.
4. A police report of the agency's criminal investigation of an officer is a public record after the investigation has been concluded regardless of whether a copy of the report is forwarded to the Criminal Justice Standards and Training Commission pursuant to section 943.1395, Florida Statutes.
5. Section 112.533(2), Florida Statutes, does not apply to any public record that is exempt from public disclosure pursuant to section 119.07(3), Florida Statutes, such as active criminal investigative or intelligence information. Thus, to the extent that the complaint against a law enforcement officer generates documents of the kind described in section 119.07(3), Florida Statutes, the provisions of that section would control.
Questions One and Two
Your first two questions are based on the following fact situation: A city employee is investigated by the police department based on a complaint of criminal activities. The initial allegations, if proven, would constitute a felony. The local State Attorney's Office declines to prosecute, determining that this matter should be referred to the Florida Ethics Commission. The police department then closes the case exceptionally, prosecution declined. Within days a sworn complaint is submitted to the Ethics Commission pursuant to Part III, Chapter 112, Florida Statutes.
These questions involve the confidentiality of police case files or reports after the active investigation by the police department is concluded. While material gathered by or made available to the Ethics Commission may be identical to that contained in the police reports, nothing in section 112.324, Florida Statutes, or in section 119.07(3), Florida Statutes, makes the police reports confidential and exempt from the Public Records Law after the police investigation is concluded.
The Public Records Law, Chapter 119, Florida Statutes, exempts active criminal intelligence information and active criminal investigative information from public inspection. To qualify as exempt, the record must both be "active" and constitute either "criminal investigative" or "criminal intelligence" information.[1]
Section 119.011(3)(d), Florida Statutes, provides that:
1. Criminal intelligence information shall be considered "active" as long as it is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities. 2. Criminal investigative information shall be considered "active" as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.
Further, the statute provides that criminal intelligence and criminal investigative information shall be considered "active" while such information is directly related to pending prosecutions or appeals.
Thus, as long as an investigation is ongoing, the information contained in a police report of the investigation is exempt from production under the Public Records Law. However, once the investigation has concluded and is no longer "active," no exemption attaches to these records that would prevent inspection and copying of the police report.
According to your letter, the police department has conducted its investigation and closed the case, and the state attorney has declined to prosecute the case. Therefore, no assertion may be made that the information is related to a pending prosecution or appeal.[2] Thus, the information may not be characterized as "active" criminal investigative information.
While a determination must be made whether any specific exemption set forth in section 119.07(3) may apply, no general provision for confidentiality of the entire report exists. It may be the case that the police report contains information revealing the identity of a confidential informant[3] or the home address of a law enforcement officer.[4] Such information must be deleted from the police report before it is released for public inspection and copying under s. 119.07(1), but the exemption only applies to the specific information and the rest of the document must be made available.[5]
Because this factual situation involves a public employee, and an ethics complaint has been filed, the provisions of Part III, Chapter 112, Florida Statutes, would apply. Section 112.324(1), Florida Statutes (1994 Supp.), provides that "[a]ll proceedings, the complaint, and other records relating to the preliminary investigation as provided herein shall be confidential and exempt from the provisions of s. 119.07(1), either until the alleged violator requests in writing that such investigation and records be made public records or the preliminary investigation is completed[.]" The confidentiality extended to records in this section applies to records received and generated by the Ethics Commission in the processing of a complaint for a violation of the ethics code. Nothing in section 112.324 or elsewhere in Part III, Chapter 112, Florida Statutes, provides confidentiality to similar or identical information in the possession of other agencies of government.
Therefore, it is my opinion that a police report of an investigation that has been concluded and is in the possession of the police department is not made confidential and exempt from the provisions of section 119.07(1), Florida Statutes, by the fact that the same issue and the same individual are the subject of an ethics complaint pursuant to Part III, Chapter 112, Florida Statutes, or because a copy of the police report may be included in information obtained by the commission pursuant to its powers to investigate complaints of ethics violations.
Questions Two, Three and Four
Your other questions relate to the following factual situation: The police department conducts a criminal investigation of a suspect police officer employed by that agency. The investigation is concluded by the police department and the officers's employment is terminated. A complaint affidavit is forwarded to the State Attorney's Office and a decision to prosecute is made. A copy of the investigation is forwarded to the Criminal Justice Standards and Training Commission for review regarding any potential action to be taken on the officer's certification.
As discussed above, section 119.07(3)(d), would exempt active criminal investigative information or active criminal intelligence information from disclosure if this information is contained in a police report. Thus, the State Attorney's decision to prosecute may bring information contained in the police investigation within the scope of the exemption as "active criminal investigative information."[6]
Alternatively, you ask whether the police report would be confidential as maintained by the police department after a copy has been forwarded to the Criminal Justice Standards and Training Commission pursuant to section 943.1395, Florida Statutes (1994 Supp.). This section sets forth requirements for certification for employment or appointment and also addresses revocation of the certification of officers.
Section 943.1395(5), Florida Statutes (1994 Supp.), provides that "[t]he employing agency must conduct an internal investigation if it has cause to suspect that an officer is not in compliance with, or has failed to maintain compliance with, s. 943.13(4) or (7).[7]" If the employing agency determines that an officer has not complied with section 943.13(4) or (7), the agency must submit the investigative findings and supporting information and documentation to the commission in accordance with rules adopted by the commission. Once the commission receives this information it is charged with pursuing an independent investigation to determine whether grounds for revocation of certification exist.[8]
Subsection (6)(b) of section 943.1395, mandates the confidentiality of certain information received by or developed by the Criminal Justice Standards and Training Commission in investigating an officer's conduct. The statute requires that:
The report of misconduct and all records or information provided to or developed by the commission during the course of an investigation conducted by the commission are exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and, except as otherwise provided by law, such information shall be subject to public disclosure only after a determination as to probable cause has been made or until the investigation becomes inactive. . . .
Again, the statute contemplates the confidentiality of information held by or developed by the commission in the course of an investigation. Nothing in section 943.1395 would extend confidentiality to this information when it is in the possession of entities other than the Criminal Justice Standards and Training Commission. However, while section 943.1395(6)(b), Florida Statutes (1994 Supp.), would not independently make the police report confidential in the hands of the police department, the prosecution of the case by the State Attorney's office may, as discussed above, indicate that active criminal investigative information is contained therein, and, in this case, such information would be confidential when maintained by the police department.
Your last question deals with an internal investigation of a police officer by his or her employing agency and whether the information developed during the course of the investigation is public once the investigation is concluded. Section 112.533, Florida Statutes, provides for the receipt and processing of complaints against law enforcement officers. The statute states that:
(2)(a) A complaint filed against a law enforcement officer or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or the agency head's designee provides written notice to the officer who is the subject of the complaint, either personally or by mail, that the agency [has concluded the investigation.]
Thus, when an investigation ceases to be active[9] or when it is concluded,[10] information relating to the investigation is subject to public disclosure.
The statute also provides that "[n]otwithstanding other provisions of this section, the complaint and information shall be available to law enforcement agencies, correctional agencies, and state attorneys in the conduct of a lawful criminal investigation."[11]
While recognizing that law enforcement related agencies may share this information in order to pursue independent criminal investigations, nothing in the statute extends the confidentiality of the complaint and information related thereto after conclusion of the internal investigation.
However, section 112.533(2), Florida Statutes, does not apply to any public record that is exempt from public disclosure pursuant to section 119.07(3), Florida Statutes, such as active criminal investigative or intelligence information.[12] Thus, to the extent that the complaint against a law enforcement officer generates documents of the kind described in section 119.07(3), Florida Statutes, the Public Records Law would control.[13]
In Attorney General's Opinion 91-73 this office considered the applicability of Public Records Law exemptions to the information developed during an investigation pursuant to section 112.533, Florida Statutes. The fact situation prompting that opinion request involved the filing of a complaint against an officer of the Florida Marine Patrol pursuant to sections 112.532-112.534, Florida Statutes. During the course of the investigation of the complaint, the officer voluntarily resigned from the marine patrol. This office was asked whether the investigation would cease to be active at the time of the officer's resignation and whether the exemption contained in section 112.533 would continue despite that resignation until the conclusion of the investigation.
In response, this office advised the Department of Natural Resources that the investigation of the officer would cease to be active at the time of the officer's resignation and the exemption provided in that statute would no longer be applicable. However, the opinion stated that "any information generated which qualified as exempt pursuant to s. 119.07(3), F.S. (1990 Supp.), would be governed by the provisions of that section, not s. 112.533, F.S. (1990 Supp.)." Thus, the opinion concluded that "criminal investigative information, i.e., information compiled by a criminal justice agency while conducting an ongoing criminal investigation of a specific act, would be exempt while the investigation is continuing with a good faith anticipation of securing an arrest or prosecution in the foreseeable future."
Thus, if active criminal investigative information is contained in a report of an internal investigation conducted pursuant to section 112.533, Florida Statutes, the disclosure of such information is governed by provisions of the Public Records Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 119.07(3)(d), Fla. Stat. (1995).
[2] A "[c]riminal justice agency" for purposes of the Public Records Law is defined in s. 119.011(4), Fla. Stat., to include a prosecutor.
[3] Section 119.07(3)(e), Fla. Stat. (1995).
[4] Section 119.07(3)(k)1., Fla. Stat. (1995).
[5] Section 119.07(2)(a) Fla. Stat., requires the custodian of the record to delete only that portion of the record for which an exemption is asserted and to provide the remainder of the record for examination.
[6] See, City of Riviera Beach v. Barfield, 642 So.2d 1135
(Fla. 4th DCA 1994) (exempt records of the West Palm Beach police department's active criminal investigation concerning a shooting incident involving a police officer from Riviera Beach could be furnished to the Riviera Beach police department for use in a simultaneous administrative internal affairs investigation of the officer).
[7] Section 943.13(4) and (7), Fla. Stat., provide that any person employed or appointed as a law enforcement or correctional officer:
(4) Not have been convicted of any felony or of a misdemeanor involving perjury or a false statement, or have received a dishonorable discharge from any of the Armed Forces of the United States. Any person who, after July 1, 1981, pleads guilty or nolo contendere to or is found guilty of any felony or of a misdemeanor involving perjury or a false statement is not eligible for employment or appointment as an officer, notwithstanding suspension of sentence or withholding of adjudication. Notwithstanding this subsection, any person who has pled nolo contendere to a misdemeanor involving a false statement, prior to December 1, 1985, and has had such record sealed or expunged shall not be deemed ineligible for employment or appointment as an officer.
* * *
(7) Have a good moral character as determined by a background investigation under procedures established by the commission.
[8] See, s. 943.1395(6), Fla. Stat. (1995), providing that the commission "shall revoke the certification of any officer who is not in compliance with the provisions of s. 943.13(4) or who intentionally executes a false affidavit established in s.943.13(8), s. 943.133(2), or s. 943.139(2)[;]" and (6)(a), stating that "[t]he commission shall cause to be investigated any ground for revocation from the employing agency pursuant to s. 943.139 or from the Governor, and the commission may investigate verifiable complaints."
[9] Section 112.533(2)(b), Fla. Stat., provides that "[f]or the purposes of this subsection, an investigation shall be considered active as long as it is continuing with a reasonable, good faith anticipation that an administrative finding will be made in the foreseeable future. An investigation shall be presumed to be inactive if no finding is made within 45 days after the complaint is filed."
[10] An investigation is concluded in either of two ways: the investigation may be concluded with a finding not to proceed with disciplinary action or to file charges; or it may be concluded with a finding to proceed with disciplinary action or to file charges. See, s. 112.533(2)(a), Fla. Stat.
[11] See, s. 112.533(2)(c), Fla. Stat.
[12] See, AGO 91-73 (An investigation of a law enforcement officer under s. 112.533, F.S. (1990 Supp.), ceases to be active at the time the officer resigns, and the exemption provided in s.112.533, F.S. (1990 Supp.), would no longer be applicable. Criminal investigative or criminal intelligence information, however, would continue to be exempt pursuant to s. 119.07(3)(d), F.S. (1990 Supp.), until such time as such information was no longer active as defined in s. 119.011(3)(d), F.S.).
[13] As stated by the court in the Barfield case, supra note 4,
[I]f the complaint generates documents of the kind described in section 119.07(3), Fla. Stat. (1990 Supp.), then it appears that the 45-day inactivity presumption may not be applicable, and the agency seems to have more control over whether the investigation is deemed active and its documents are thus unavailable to the public.