Chief Carl E. Newland Titusville Police Department 1819 Cheney Highway Titusville, Florida 32780-6021
Dear Chief Newland:
You have asked substantially the following question:
Does section 112.533(3), Florida Statutes, prohibit a chief of police from discussing issues involving an active internal investigation with members of his supervisory staff?
In sum:
Section 112.533(3), Florida Statutes, does not preclude a chief of police from discussing information obtained from an active internal investigation with his supervisory staff within the police department in carrying out the investigation.
Section 112.533(3), Florida Statutes, states:
Any person who is a participant in an internal investigation, including the complainant, the subject of the investigation, the investigator conducting the investigation, and any witnesses in the investigation, who willfully discloses any information obtained pursuant to the agency's investigation, including, but not limited to, the identity of the officer under investigation, the nature of the questions asked, information revealed, or documents furnished in connection with a confidential internal investigation of an agency, before such complaint, document, action, or proceeding becomes a public record as provided in this section commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. However, this subsection does not limit a law enforcement or correctional officer's ability to gain access to information under paragraph (2)(a).[1]
The statute operates to maintain the confidentiality of any information obtained pursuant to the agency's investigation and makes the willful public disclosure of such information a criminal offense. While the restriction extends to any person participating in a confidential internal investigation, including its subject,[2] the statute clearly contemplates that an agency, not an individual acting alone, conducts an internal investigation.
Section 112.533(1), Florida Statutes, states that "[e]very law enforcement agency and correctional agency shall establish and put into operation a system for the receipt, investigation, and determination of complaints received by such agency from any person." Thus, a law enforcement agency is required to have a system in place to facilitate investigations of complaints against its officers and, absent a legislative directive to the contrary, it is the agency's system that governs the manner in which an internal investigation is conducted. For example, an agency's internal investigation system may contemplate that the chief of police will make the ultimate determination whether to proceed with certain action after the chief has consulted with the personnel who supervise the individual officer.
As stated by the court in City of Riviera Beach v. Barfield,[3]
the primary intent of the Legislature in its passage of section112.533, Florida Statutes, was to ensure openness and availability of public records, but recognizing that "the critical importance of preserving the confidentiality of police records surrounding and compiled during an active criminal investigation remains of significant concern."[4] While the Barfield court was directly considering the confidentiality of active criminal investigative information that is shared with another criminal justice agency, this underlying acknowledgment of the need to preserve confidentiality would appear equally applicable to information obtained during an internal investigation that may be disseminated within the department carrying out the investigation or divulged to others as a result of their participation in the investigation. Thus, the Legislature's extension of the confidentiality provisions to preclude any person who obtains information as a result of the internal investigation from divulging such information, whether that person is within or without the law enforcement agency, assures that the information will not be made public prior to the conclusion of the investigation.
It is consistent with the purpose of the statute to allow a chief of police who is participating in the internal investigation to discuss issues arising from the investigation with supervisory staff of the department. Clearly, however, any member of the supervisory staff who becomes privy to information through the internal investigation is subject to the confidentiality constraints in section 112.533(3), Florida Statutes, and may not publicly disclose such information before the complaint or the investigation becomes a public record pursuant to the terms of the statute.[5]
Accordingly, it is my opinion that while public disclosure of information obtained pursuant to an internal investigation prior to its becoming a public record is prohibited, section 112.533(3), Florida Statutes, does not preclude a chief of police from discussing such information with his supervisory staff within the police department in carrying out the internal investigation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 112.533(2)(a), Fla. Stat. (1995), provides:
(2)(a) A complaint filed against a law enforcement officer or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or the agency head's designee provides written notice to the officer who is the subject of the complaint, either personally or by mail, that the agency has either: 1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or 2. Concluded the investigation with a finding to proceed with disciplinary action or to file charges.
Notwithstanding the foregoing provisions, the officer who is the subject of the complaint may review the complaint and all written statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview. If a witness to a complaint is incarcerated in a correctional facility and may be under the supervision of, or have contact with, the officer under investigation, only the names and written statements of the complainant and nonincarcerated witnesses may be reviewed by the officer under investigation immediately prior to the beginning of the investigation interview.
[2] The predecessor to section 112.533(3), Fla. Stat. (1995), has been declared unconstitutional by several circuit courts. See, Rantel v. City of Fort Lauderdale, No. 88-6676-Civ (S.D.Fla., 1990); State v. Peterson, Nos. 84-906-MM and 84-933-MO Bay Co. Ct. 1984). Cf., Doe v. Gonzalez, 723 F. Supp. 690 (S.D.Fla., 1988), affirmed, 886 F.2d 1323 (11th Cir. 1989), in which the district court concluded that s. 112.317(6), Fla. Stat., making it a misdemeanor to disclose the existence of a complaint filed with the Ethics Commission or any information in connection with the confidential preliminary investigation, is unconstitutional.
[3] 642 So.2d 1135 (Fla. 4th DCA 1994), review denied,651 So.2d 1192 (Fla. 1995).
[4] 642 So.2d at 1136.
[5] Cf., Barfield, supra, at 1137 (transfer from one criminal justice agency to another does nothing to change the character of the information with respect to its exempt classification under statutory definition of criminal investigative information).