Chief Darrel W. Stephens St. Petersburg Police Department 1300 First Avenue North St. Petersburg, Florida 33705
Dear Chief Stephens:
You ask substantially the following question:
Does section 112.533(2)(a), Florida Statutes, limit access by a law enforcement officer who is the subject of a complaint under this section exclusively to written statements made by the complainant and witnesses during the receipt and processing of the complaint against the officer?
In sum:
Section 112.533(2)(a), Florida Statutes, does not restrict a law enforcement officer's access to reports and writings that are public records and not otherwise made confidential. The statute allows an officer who is the subject of a complaint to have access to the complaint and written statements that would otherwise be confidential under section 112.533, Florida Statutes, as a part of the investigation.
You set forth a scenario where three law enforcement officers are investigating an incident involving a suspect. Each officer prepares a report relating personal involvement, observations, and action taken. After the incident, the suspect files a complaint against one of the officers, alleging conduct that would violate departmental rules or state law. A formal statement is taken from the suspect and transcribed. The other two officers are interviewed regarding the matter and their statements are transcribed. The target officer is informed of the complaint and is scheduled for an investigative interview. Prior to the interview, the officer requests and is provided copies of the complaint and the transcribed statements from the complainant and the other two officers. The target officer also requests copies of the reports filed by the other officers regarding the incident giving rise to the complaint, but access to these reports is questioned since they are not part of the administrative investigation under section 112.533, Florida Statutes.
Section 112.533, Florida Statutes, provides that complaints filed against law enforcement officers, and all information obtained pursuant to the agency's investigation of the complaint, are confidential until the investigation is no longer active or until the agency head or his designee provides written notice to the officer who is the subject of the complaint that the agency has concluded the investigation with a finding to either proceed or not proceed with disciplinary action or the filing of charges.[1]
Thus, a complaint and information gathered in the investigation of the complaint against a law enforcement officer become public records at the conclusion of the investigation or at the time the investigation becomes inactive.
While the complaint and information gathered in the investigation are confidential, section 112.533(2)(a), Florida Statutes, further provides:
Notwithstanding the foregoing provisions, the officer who is the subject of the complaint may review the complaint and all written statements made by the complainant and witnesses immediately prior to the beginning of the investigative interview. . . .
The confidential nature of the complaint does not preclude the officer who is the subject of the complaint from reviewing the complaint and all written statements of the complainant and witnesses. This exemption from confidentiality, however, does not apply to any public record that is exempt from public disclosure under section 119.07(3), Florida Statutes, such as active criminal investigative or intelligence information.[2] If a complaint generates documents that constitute active criminal investigative information that is exempt pursuant to section 119.07(3), the provisions of section 119.07, Florida Statutes, would control the release of such information, rather than section 112.533, Florida Statutes.[3]
Thus, section 112.533(2), Florida Statutes, operates as an exemption to allow access to information that is confidential under that section and would not otherwise be available for public inspection to an officer who is the subject of a complaint.
This office has consistently stated that crime and incident reports containing information given during the initial reporting of a crime are generally considered to be open to public inspection.[4] Such reports relate to a specific crime and are prepared after an alleged crime has been committed, but prior to the arrest of a suspect. Crime and incident reports are not ordinarily considered criminal intelligence information since they do not contain information collected in anticipation of criminal activity, nor are they criminal investigative information because the report initiates but is not part of the investigative process.[5] However, if a crime or incident report contains information compiled during the investigation of the crime, such information may well qualify as "criminal investigative information," as defined in section 119.011(3)(b), Florida Statutes, that would not be subject to disclosure.[6]
The fact that a crime or incident report may contain some active criminal investigative or intelligence information does not shield the entire report from disclosure. Section 119.07(2), Florida Statutes, requires the custodian of the document to delete only that portion of a record for which an exemption applies and to provide the remainder of the record for examination.[7]
There is no indication in section 112.533, Florida Statutes, that the Legislature intended to make public records that are open to public inspection and copying unavailable to a law enforcement officer who is the subject of a complaint under investigation by a law enforcement agency. Moreover, the exception for officers who are the subject of such an investigation to have access to the complaint and written statements that would otherwise be confidential under the statute cannot be read to limit the officer's access to public records that have not been made confidential or exempt from the public records law.
Accordingly, it is my opinion that section 112.533(2), Florida Statutes, does not restrict a law enforcement officer's access to public records, such as crime and incident reports, that may incidentally be related to an investigation of a complaint against the officer, to the extent such records are not otherwise made confidential. The statute allows a law enforcement officer who is the subject of a complaint to have access to the complaint and written statements that are otherwise confidential under the statute.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 112.533(2)(a), Fla. Stat.
[2] See, s. 112.533(2)(b), Fla. Stat. Section 119.011(3), Fla. Stat., defines "criminal intelligence information" and "criminal investigative information."
[3] See, Op. Att'y Gen. Fla. 91-73 (1991) (criminal investigative or intelligence information obtained during administrative investigation under s. 112.533 is exempt from public disclosure until such time as the information is no longer active as defined in s. 119.011[3][d], Fla. Stat.).
[4] See, Ops. Att'y Gen. Fla. 91-74 (1991) and 80-96 (1980) (crime and incident report prepared by law enforcement agency after specific crime has been committed which contains information given during the initial reporting of the crime, but prior to the initiation of the investigation, does not constitute criminal investigative or intelligence information).
[5] See, Op. Att'y Gen. Fla. 80-96 (1980).
[6] See, Op. Att'y Gen. Fla. 91-74 (1991).
[7] See, e.g., City of Riviera Beach v. Barfield, 642 So.2d 1135
(Fla. 4th DCA 1994), review denied, 651 So.2d 1192 (Fla. 1995) (city authorized to withhold exempt active criminal investigative records but must comply with disclosure requirements of sections119.07[2] and 119.011[3][c] by making partial disclosure of certain non-exempt information contained in the records including the date, time and location of the incident).