Chief William B. Berger City of North Miami Beach Police Department 17050 Northeast 19th Avenue North Miami Beach, Florida 33162-3112
Dear Chief Berger:
You ask substantially the following questions:
1. May the police department provide active criminal investigative information to a private corporation for the purpose of the corporation compiling and summarizing such data for the police department?
2. If such criminal investigative information may be disclosed to the corporation, does such active criminal investigative information lose its exemption from the Public Records Law?
In sum:
1. A police department may provide active criminal investigative information to a private company for the purpose of the company's compilation and summation of the data for the police department.
2. Such active criminal investigative information would continue to remain exempt from disclosure under the Public Records Law.
As your two questions are interrelated, they will be answered together.
According to your letter, the City of North Miami Police Department is interested in contracting with a company that compiles, integrates, synthesizes, and summarizes raw police and other data from a variety of sources and provides informational reports to law enforcement in a format that is helpful and user friendly. The police department would enter into an agreement with the entity in which the entity would agree to maintain the confidentiality of such information. You further indicate that your department believes that the police department's relationship with such an entity is both necessary and appropriate.
Chapter 119, Florida Statutes, Florida's Public Records Law, establishes a right of access to records of governmental agencies, and entities acting on their behalf, unless such records have been made confidential or exempt by statute.[1] Section 119.07(3)(b), exempts active criminal investigative information from public inspection and copying.
Criminal investigative information is defined as information relating to "an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance."[2] Such information is considered "active" as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.[3]
The exemption, however, does not prohibit the disclosure of the information by the criminal justice agency; rather the information is exempt from and not subject to the mandatory inspection requirements of section 119.07(1), Florida Statutes, which would otherwise apply.[4] The purpose of the exemption is limited in scope; it seeks to prevent the premature disclosure of information when such disclosure could impede an ongoing investigation or allow a suspect to avoid apprehension or escape detection.[5]
The release of exempt criminal investigative information to a company that compiles and summarizes raw police data and provides informational reports to law enforcement in a format that is helpful and user friendly is not inconsistent with the purpose underlying the exemption for active criminal investigative information. Moreover, you state that the entity will enter into an agreement with the department in which the entity agrees to maintain the confidentiality of such information. Accordingly, I am of the opinion that the police department may release active criminal investigative information exempted by section119.07(3)(b), Florida Statutes, to the company for the purpose of compiling, synthesizing, and summarizing such information for the police department.
Moreover, the release of such exempt information would not appear to cause such records to lose their exempt status. A Florida court has held that exempt active criminal investigative information may be shared with another criminal justice agency and retain its protected status. As the district court stated in City of Riviera Beach v. Barfield,[6] the primary focus in determining whether or not to compel disclosure of active criminal investigative or intelligence information must be on the statutory classification of the information sought rather than upon in whose hands the information rests.
* * *
Simply put, the transfer from one criminal agency to another does nothing to change the character of the information with respect to its exempt classification under the statutory definition of criminal investigative information.
The term "criminal justice agency" is statutorily defined to mean:
any law enforcement agency, court, or prosecutor. The term also includes any other agency charged by law with criminal law enforcement duties, or any agency having custody of criminal intelligence information or criminal investigative information for the purpose of assisting such law enforcement agencies in the conduct of active criminal investigation or prosecution or for the purpose of litigating civil actions under the Racketeer Influenced and Corrupt Organization Act, during the time that such agencies are in possession of criminal intelligence information or criminal investigative information pursuant to their criminal law enforcement duties. The term also includes the Department of Corrections.[7]
"Agency" is defined to include not only public entities but also any "private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."[8] The compilation, integration, and summarization of active criminal investigative information into a format that you refer to as "user friendly and helpful" would appear to assist the law enforcement agency in the conduct of its criminal investigation. Thus, the sharing of such information with the private company would appear to qualify for that purpose as a criminal justice agency with which the police department may release active criminal investigation information without waiving the exemption for such information.
Accordingly, I am of the opinion that such active criminal investigative information would continue to remain exempt from disclosure under the Public Records Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 119.011(1) and (2), Fla. Stat. (1995), respectively, defining "Public records" and "Agency." And see, s. 119.07(1)(a), Fla. Stat. (1995), providing that every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee.
[2] See, s. 119.011(3)(b) and (c), Fla. Stat. (1995).
[3] Section 119.011(3)(d), Fla. Stat. (1995).
[4] See, Williams v. City of Minneola, 575 So.2d 683, 687 (Fla. 5th DCA 1991) ("There are many situations in which investigators have reasons for displaying information which they have the option not to display."), review denied, 589 So.2d 289 (Fla. 1991), appeal after remand, 619 So.2d 983 (Fla. 5th DCA 1993); Op. Att'y Gen. Fla. 90-50 (1990).
[5] See, Tribune Company v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), petition for review denied sub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987); Tribune Company v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company, 105 S.Ct. 2315 (1985); Op. Att'y Gen. Fla. 91-74 (1991).
[6] 642 So.2d 1135, 1137 (Fla. 4th DCA 1994), review denied,651 So.2d 1192 (Fla. 1995). In City of Riviera Beach, the court held that exempt records of one police department's active criminal investigation concerning a shooting incident could be furnished to another police department for use in a simultaneous administrative internal affairs investigation of the officer.
[7] Section 119.011(4), Fla. Stat. (1995).
[8] Section 119.011(2), Fla. Stat. (1995).