The Honorable David R. Ellspermann Marion County Clerk of Circuit Court Post Office Box 1030 Ocala, Florida 34478-1030
Dear Mr. Ellspermann:
You ask the following questions:
1. Must an order directing that a defendant be tested for HIV pursuant to section 796.08, Florida Statutes, be sealed?
2. If so, how may the clerk comply with the requirements of section 921.242, Florida Statutes, that the judgment be recorded?
3. Must the document indicating that a defendant has been tested as a condition of probation be sealed?
In sum:
The sealing of a court order and related documents is within the authority of the court pursuant to Rule 2.051, Florida Rules of Judicial Administration. In light of the confidentiality attached to the identity of test subjects and test results for HIV, however, information received by the clerk of court indicating that an individual has complied with an order to be tested for HIV and the attendant test results would appear to be confidential and should be maintained in that status. Given the lack of direction in section 796.08, Florida Statutes, as to how such information should be treated once it has been released to the court, it may be advisable to seek legislative clarification on this matter.
The questions you have presented are specific to the sealing of court documents, a process that the clerk must carry out pursuant to court order.[1] Consideration of whether certain documents are confidential under Florida law, however, is necessary in discussing the clerk's duties as custodian of such records.[2]
Section 796.08(3), Florida Statutes, provides:
"A person convicted under s. 796.07 of prostitution or procuring another to commit prostitution must undergo screening for a sexually transmissible disease, including, but not limited to, screening to detect exposure to the human immunodeficiency virus, under direction of the Department of Health. If the person is infected, he or she must submit to treatment and counseling prior to release from probation, community control, or incarceration.Notwithstanding the provisions of s. 384.29, the results of testsconducted pursuant to this subsection shall be made available bythe Department of Health to the offender, medical personnel, appropriate state agencies, state attorneys, and courts ofappropriate jurisdiction in need of such information in order toenforce the provisions of this chapter."[3] (e.s.)
You state that the order to be tested for human immunodeficiency virus (HIV) is reflected on the judgment and sentence form. Most often, testing is ordered as a condition of probation and proof of compliance is required to be filed with the court. The judgment and proof of compliance only, not the test results, are part of the sentencing documents housed in the clerk's case files. You note that the judgment is filed in the official records of the county. Given the confidentiality of the identity of a test subject and the test results, you question how the judgment and sentence reflecting the identity of the test subject should be treated.
Several Florida statutes address the confidentiality of identities of test subjects and test results for sexually transmissible diseases, most pertinent to this inquiry being tests indicating whether an individual is infected with HIV. Section 381.004(1), Florida Statutes, states the Legislature's intent that "the public health will be served by facilitating informed, voluntary, and confidential use of tests designed to detect human immunodeficiency virus infection." Except in cases where HIV testing is ordered pursuant to section 796.08, Florida Statutes,[4] informed consent must be obtained prior to the ordering of a test to identify HIV.[5] Section 381.004(3)(e), Florida Statutes, states:
"[T]he identity of any person upon whom a test has been performed and test results are confidential and exempt from the provisions of s. 119.07(1). No person who has obtained or has knowledge of a test result pursuant to this section may disclose or be compelled to disclose the identity of any person upon whom a test is performed, or the results of such a test in a manner which permits identification of the subject of the test. . . ."[6]
The Department of Health (department) has promulgated rules governing the confidentiality of HIV test subjects and results.
Rule 64D-2.003, Florida Administrative Code, provides:
"Any person, including the department, and any county health department, contract provider, testing program authorized by the department, health care provider or health care facility shallcomply with the confidentiality provisions of s. 381.004(3)(e),(f), F.S., and this rule in administering the HIV test, protectingthe identity of the test subject, and managing records whichcontain laboratory reports of HIV test results or any report or notation of a laboratory report of an HIV test." (e.s.)
Under the department's rules, the identity of a test subject or the results of his or her HIV test are protected from public disclosure, but may be disclosed to specified entities and individuals.[7] Specifically included are "[c]ourts of appropriate jurisdiction in the case, including appellate courts, and any persons so ordered by the court, including probation officers if treatment and counseling are conditions of release from probation, community control, or incarceration."[8]
While the practical result of a judgment and sentence form containing a court order directing an individual to be tested for HIV is that the identity of such individual is known, at that point in time no test has been performed and no test result is available to fall within the confidentiality protections of Florida law. The court order does not reveal test results, nor does it indicate that a test has been conducted. Moreover, there is no statutory directive that the results of such test be made available to the public. Rather, as discussed above, the results of HIV testing are protected from disclosure and are made available only to specified agencies and individuals.
The confidential status of HIV test subjects and test results would not be compromised by their release to the court in this instance. Rule 2.051(c)(7), Florida Judicial Administration Rules, states that "[a]ll records made confidential under the Florida and United States Constitutions and Florida and federal law" are confidential when they are records of the judicial branch and its agencies. Thus, the identity of subjects who have undergone HIV tests, and their test results, would remain confidential when such information is provided to the court.[9]
Moreover, receipt of the information by the clerk of court or the probation officer would not alter its confidential status. Nothing in section 796.08, Florida Statutes, nor any other confidentiality provision elsewhere in the statutes, however, would authorize a clerk of court to treat as confidential the judgment and sentence forms in cases where individuals have been ordered to undergo HIV testing. Section 796.08, Florida Statutes, provides no direction as to how HIV test information is to be treated by the clerk of court once it has been released to the court. It may be advisable, therefore, to seek legislative clarification on this matter.
Accordingly, it is my opinion that a judgment and sentence form ordering an individual to be tested for HIV pursuant to section796.08, Florida Statutes, is a public record subject to disclosure even though it may reveal the identity of an individual who will be undergoing a test for HIV. Information regarding test compliance and test results, however, is confidential and should be maintained as such by the clerk of court, absent a legislative directive treating such information otherwise.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Rule 2.051(c)(9), Fla.R.Jud.Admin.
[2] See, Rule 2.051(c)(7), Fla.R.Jud.Admin., making confidential all records of the judicial branch that are made confidential under the Florida and United States Constitution and Florida and federal law.
[3] Section 384.29(1), Fla. Stat., provides for the confidentiality of all information and records held by the Department of Health relating to known or suspected cases of sexually transmissible diseases. The statute generally states, with specific exceptions enumerated, that such information "shall not be released or made public by the department or its authorized representatives, or by a court or parties to a lawsuit upon revelation by subpoena[.]"
[4] Section 381.004(3)(h)1.a., Fla. Stat.
[5] Section 381.004(3)(a) and (b), Fla. Stat.
[6] The subsection goes on to enumerate persons to whom test results may be disclosed, but does not specifically address whether the release of such information to a court of appropriate jurisdiction operates as an exemption to section 119.07(1), Fla. Stat.
[7] Rule 64D-2.003(2), Fla. Admin. Code.
[8] Rule 64D-2.003(2)(j)3., Fla. Admin. Code.
[9] Cf., Ragsdale v. State, 720 So.2d 203, 205 (Fla. 1998) (status of record is determined by the document itself and the underlying policy for its exemption or confidentiality, not by the identity of the agency in possession); City of Riviera Beach v.Barfield, 642 So.2d 1135 (Fla. 4th DCA 1994).