Dear Mr. Bryant:
You ask substantially the following question:
May a municipality respond to a public records request requiring the production of thousands of documents by composing a static web page where the responsive public documents are posted for viewing if the requesting party agrees to the procedures and agrees to pay the administrative costs, in lieu of copying the documents at a much greater cost?
According to your letter, the city received a large public records request for documents relating to the mayor. Due to the massive quantity of documents required in response to this request, the city's information technology team set up a static web page for viewing the documents. The cost of collecting and posting the documents was $360.00, which you state was substantially less than the cost of producing and copying the requested documents on paper. The requesting party was provided an access code to the static web page after paying the $360.00. The requesting party had no objection to having access to the records provided in this manner. The mayor, however, has questioned the propriety of complying with the public records request in this manner since the static web page is not available to the public at large.
Section 119.07(1)(a), Florida Statutes, provides that "[e]very person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." Pursuant to section 119.07(4), Florida Statutes, the custodian of public records shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law.
Chapter 119, Florida Statutes, reflects an intent that providing access to public records is a duty of each agency.[1] As stated by the courts, the general purpose of the Public Records Act is to "open public records so that Florida's citizens can discover the actions of their government" and accordingly, the Public Records Act is to be construed liberally in favor of openness.[2]
In the instant inquiry, the city, while not required to provide access in this manner,[3] has complied with a request for a large number of records through establishment of a static website that the requestor may access. Both the city and the requestor have agreed to this innovative method of providing public records. It has relieved the city of duplicating thousands of pages of public records while allowing the requestor to obtain these records without incurring substantially greater costs. According to your letter, the fee charged was the cost of gathering and posting the thousands of pages of public documents.[4]
Such a plan would appear to be consistent with the intent and purpose of the Public Records Law. I find nothing in Chapter 119, Florida Statutes, that would preclude the city from providing access in this manner, provided both the city and requestor agree.[5]
Accordingly, I am of the opinion that a municipality may respond to a public records request requiring the production of thousands of documents by composing a static web page where the responsive public documents are posted for viewing if the requesting party agrees to the procedure and agrees to pay the administrative costs, in lieu of copying the documents at a much greater cost.
Sincerely,
 Charlie Crist Attorney General
CC/tjw
[1] See s. 119.01(1), Fla. Stat., stating that "[i]t is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to public records is a duty of each agency." And see Henderson v. State, 745 So. 2d 319 (Fla. 1999) (general purpose of the Public Records Act is to open public records to allow Florida's citizens to discover the actions of their government, and to foster that purpose, the Act should be construed liberally in favor of openness).
[2] See, e.g., Henderson v. State, supra; City of RivieraBeach v. Barfield, 642 So. 2d 1135, 1136 (Fla. 4th DCA 1994),rev. denied, 651 So. 2d 1192 (Fla. 1995); Seminole County v.Wood, 512 So. 2d 1000 (Fla. 5th DCA 1987), rev. denied,520 So. 2d 586 (Fla. 1988).
[3] See Seigle v. Barry, 422 So. 2d 63 (Fla. 4th DCA 1982),pet. for rev. den., 431 So. 2d 988 (Fla. 1983) (intent of Public Records Law is rather to make available to the public information which is a matter of public record, in some meaningful form, not necessarily that which the applicant prefers); Op. Att'y Gen. Fla. 97-39 (1997) (school district not required to furnish its electronic public records in an electronic format other than the standard format routinely maintained by the district; if district elected to provide such records in a different format, the costs of converting the information must be borne by the requestor). And see s.119.01(2)(f), Fla. Stat., providing that an agency maintaining a public record in an electronic recordkeeping system must provide a copy of the record in the medium requested if the agency maintains the record in that medium; if the agency elects to provide a copy of a public record in a medium not routinely used by the agency, or elects to compile information not routinely developed or maintained by the agency or that requires a substantial amount of manipulation or programming, the fee imposed must be in accordance with s. 119.07(4), Fla. Stat.
[4] See s. 119.07(4)(d), Fla. Stat., which authorizes a special service charge when the nature or volume of public records requested to be inspected or copied is such as to require extensive use of information technology resources or extensive clerical or supervisory assistance by personnel of the agency involved, or both.
[5] Cf. s. 119.07(2), Fla. Stat., which authorizes a records custodian, as an additional means of inspecting or copying public records, to provide access to public records by remote electronic means, provided exempt or confidential information is not disclosed and safeguards are enacted to protect the contents of public records from unauthorized remote electronic access or alteration and to prevent the disclosure or modification of those portions of public records which are exempt or confidential. The custodian is authorized to charge a fee for remote electronic access, granted under a contractual arrangement with a user, which fee may include the direct and indirect costs of providing such access.