Herman Benjamin FERGUSON,
Plaintiff–Appellant,

v.

FEDERAL BUREAU OF INVESTI-
GATION, Defendant–Appellee.

No. 1533, Docket 95–6186.

United States Court of Appeals,
Second Circuit.

Argued April 9, 1996.

Decided April 30, 1996.

Joan P. Gibbs, Center for Constitutional Rights, New York City, NY, for Plaintiff–Appellant.

Steven I. Froot, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney for the Southern District of New York, and Assistant United States Attorney Allan N. Taffet, New York City, on the brief), for Defendant–Appellee.

Before: KEARSE, ALTIMARI, and JACOBS, Circuit Judges.

PER CURIAM:

The background and lengthy procedural history of this case are discussed in past opinions of this Court and of the District Court for the Southern District of New York. *See* 957 F.2d 1059 (2d Cir.1992) (*Ferguson I*); 1995 WL 329307 (S.D.N.Y. June 1, 1995); 1992 WL 249958 (S.D.N.Y. Sept. 22, 1992); 774 F.Supp. 815 (S.D.N.Y.1991); 762 F.Supp. 1082 (S.D.N.Y.1991). This appeal is taken from a judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*) dismissing plaintiff's complaint, brought under the Freedom of Information Act.

In brief, Herman Ferguson made a Freedom of Information Act (FOIA) request for FBI documents pertaining to the Bureau's investigation in the 1960's of his involvement in several civil rights groups that allegedly advocated violence. The Bureau has given Ferguson a large number of documents, but has redacted many of them. The Bureau justifies its redactions primarily on the ground that the excised information was obtained from "confidential sources" and is therefore exempt from FOIA disclosure under 5 U.S.C. § 552(b)(7)(D). Ferguson has maintained that none of the applicable FOIA exemptions applies, and that he is entitled to all of the documents in unredacted form.

On our first encounter with this case, we reversed those parts of the district court's orders that required the FBI to give Ferguson a particular category of documents in unredacted form. *Ferguson I*, 957 F.2d at 1070. The district court had held that the redacted information in these documents was not exempt under FOIA's "confidential source" provision, because the sources had waived their confidentiality. *See* 762 F.Supp. at 1096–98. We held that a source's confidentiality could not be waived, and concluded that the redactions in the documents at issue were therefore exempt from disclosure. *Ferguson I*, 957 F.2d at 1068, 1069. We remanded the case to the district court to consider redactions in all the other documents requested by Ferguson, because the district court made no final ruling on these documents. *Id.* at 1064–65.

On remand, the district court held that the FBI had properly withheld the requested information, and dismissed Ferguson's complaint. 1992 WL 249958. We affirmed by summary order, No. 92–6272, 996 F.2d 302 (2d Cir. May 19, 1993), but vacated our order two months later and remanded "for further consideration in light of" the Supreme Court's intervening decision in *Department of Justice v. Landano*, 508 U.S. 165, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). No. 92–6272, slip op. at 2 (2d Cir. July 19, 1993).

In *Landano*, the Court held that the Bureau is not entitled to a presumption under 5 U.S.C. § 552(b)(7)(D) that all of its sources are "confidential." 508 U.S. at 180–81, 113

S.Ct. at 2024. Rather, adopting a "more particularized approach," the Court held that a source is confidential if the information was provided by the source " 'under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.' " *Id.* at 170–72, 113 S.Ct. at 2019 (quoting S.Conf.Rep. No. 1200, 93d Cong., 2d Sess. 13 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6285, 6291). Because the FBI had not attempted in *Landano* to demonstrate that it made express assurances of confidentiality to the sources at issue, the Court only considered the circumstances under which implied assurances of confidentiality may be inferred. *See id.* at 172–74, 113 S.Ct. at 2020. In this regard, it held that a more narrow "inference of confidentiality" may be drawn as to categories of cases, but only "when certain circumstances characteristically support an inference" that the source was given an implied assurance of confidentiality. *Id.* at 176–180, 113 S.Ct. at 2022–23. The test, explained the Court, is whether "the source furnished information with the understanding that the FBI would not divulge the communication except to the extent the Bureau thought necessary for law enforcement purposes." *Id.* at 172–74, 113 S.Ct. at 2020. The Court explicitly declined to decide whether a source can waive its "confidentiality" under § 552(b)(7)(D), *id.*, the issue we decided in *Ferguson I*.

After our remand for consideration under *Landano*, the FBI undertook a review of its redactions to ensure conformity with *Landano*'s new standard for determining "confidentiality." A supervisor in the FBI's "Freedom of Information–Privacy Acts" Section submitted an affidavit to the district court ("FBI affidavit"), categorizing the redactions by the type of confidentiality assurance given to the Bureau's sources. Some assurances were express and others were implied.

With respect to the express assurances of confidentiality, the affidavit explains with considerable detail that for six categories of information withheld under exemption 7(D), express assurances of confidentiality were given by the FBI to the sources providing the information, and that these assurances are set forth either in the documents them-

selves or in the source's informant file. For the various types of implied assurances of confidentiality, the affidavit attempts to explain why the circumstances surrounding the source's contact with the FBI justify the inference that the source was "confidential" under the *Landano* test.

Having again reviewed the redacted documents in camera, the district court held that the FBI's affidavit "supports the inference that the remaining redactions contain information which was imparted on a confidential basis and thus complied with the standards enunciated under *Landano*." 1995 WL 329307, at *2. It therefore granted the FBI's summary judgment motion and dismissed Ferguson's complaint. The district court's familiarity with the disputed documents in this case (which it has examined in camera a number of times over this litigation's six-and-a-half year life) justifies a deferential review of its decision.

We have reviewed the Bureau's affidavit and agree that it was appropriate to grant summary judgment in favor of the FBI. As to the Bureau's express assurances of confidentiality, the affidavit is entirely sufficient. *See Carney v. Department of Justice*, 19 F.3d 807, 812 (2d Cir.) ("[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within [a FOIA] exemption" suffice to meet the government's burden, and, absent a showing of bad faith on the government's part, a district court may award summary judgment based on such affidavits or declarations (footnote omitted)), *cert. denied*, —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994). Indeed, a similar affidavit by an FBI supervisor has been held sufficient for the purposes of meeting the FBI's burden of showing that express assurances of confidentiality were supplied to the sources of information withheld under exemption 7(D). *See Williams v. FBI*, 69 F.3d 1155, 1159 (D.C.Cir.1995).

As to the implied assurances of confidentiality, we agree that the circumstances identified by the Bureau support the inference that the sources "provide[d] information with the expectation that the FBI would keep their identities and/or the information provided in the strictest confidence." FBI affidavit at 11. The "confidential" sources include (i) "potential witnesses" and individuals having a "close" relationship with Ferguson, all of whom had reason "to fear reprisal and harassment if their cooperation with the FBI were to become known," *id.* at 11, 12, 15; (ii) institutions providing information that is "not generally available to the public," and that the institutions would have been "reluctant" to supply had they not presumed a grant of confidentiality from the Bureau, *id.* at 19; (iii) state and local enforcement agencies, to the extent that the information they provided came from "confidential ... police sources" and was "of an intelligence nature,"[1] *id.* at 18; and (iv) foreign law enforcement agencies providing information from their confidential sources on the assumption that the sources' cooperation would not be made known. *Id.* at 21. In these circumstances, it is proper to infer that the cooperation of these sources was based on an implied assurance of confidentiality.

Because we conclude that the district court did not err in holding that the FBI's redactions complied with the requirements of *Landano*, and because this was the only issue remaining when we remanded the case post-*Landano*, we affirm the district court's dismissal of Ferguson's complaint.

---

1. Information from state and local law enforcement agencies that is "generally available to the public" has been released by the FBI in this last review. *Id.* at 18.