**Rolando PERALTA, Appellant,**

v.

**U.S. ATTORNEY'S OFFICE, Central District of California, Appellee.**

**No. 96–5068.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 12, 1998.

Decided Feb. 24, 1998.

---

Maja D. Hazell, student counsel, New York City, argued the cause as amicus curiae, with whom Steven H. Goldblatt, appointed by the court, Catherine E. Lhamon, Washington, DC, and Laura E. Mascheroni, student counsel, Washington, DC, were on the briefs.

Rolando Peralta, appearing pro se, was on the brief for appellant.

Cynthia A. Schnedar, Assistant United States Attorney, Washington, DC, argued the cause for appellee, with whom Mary Lou Leary, United States Attorney at the time the brief was filed, Washington, DC, and R. Craig Lawrence, Assistant United States Attorney, Washington, DC, were on the brief. Darya Geetter, Assistant United States Attorney, entered an appearance.

Before: SILBERMAN, WILLIAMS and SENTELLE, Circuit Judges.

Opinion for the court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Seeking records relating to his criminal conviction, Rolando Peralta filed a pro se complaint under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and named a local United States Attorney's Office as the sole defendant. The Executive Office for United States Attorneys ("Executive Office"), the entity responsible for responding to FOIA requests directed to local United States Attorneys' Offices, participated in the case on behalf of the named defendant, releasing some documents to Peralta and referring the processing of others to the Federal Bureau of Investigation. The district court ordered the Executive Office dismissed from the case, concluding that it had complied with its obligations under the FOIA. The district court also granted a motion for a stay that the defendant had filed on behalf of the FBI, granting the FBI additional time to process the documents the Executive Office had referred to it. The district court took these actions even though the Executive Office and the FBI were not named in the complaint as parties and had not been joined as parties to the case.

Peralta appealed from the district court's dismissal of the Executive Office. Peralta asserts that we have jurisdiction over the district court's order because it is "final" and appealable under 28 U.S.C. § 1291. The government, on the other hand, challenges our jurisdiction to hear this appeal. It urges us to treat the Department of Justice—not the local United States Attorney's Office sued by Peralta, the Executive Office or the FBI—as the sole defendant before the district court. Under this approach, the district court's order left loose ends relating to (would-be) sole defendant Department of Justice, which would mean that the order could not be "final" under 28 U.S.C. § 1291. This argument would have considerably greater force if the government had successfully moved below to substitute the Department of Justice as defendant. But it did not. Rejecting the government's attempt to re-write the history of this case, we conclude that the district court's order was final because it dismissed the Executive Office—an entity all parties treated as if it stood in the shoes of the sole named defendant—from the case. Accordingly, we assert jurisdiction over the district court's order, vacate that order, and remand the case to the district court.

## I. Background

In order to make sense of this case, we note preliminarily that the parties and the district court lost track of the identity of the "defendant" in this litigation. Rolando Peralta named one defendant in his FOIA complaint: the United States Attorney's Office for the Central District of California ("the Central District"). Before the district court, the government's filings occasionally referred to the Central District as the defendant, but they also referred to the Executive Office and the FBI as defendants, even though those entities were never formally added as parties to the case. In response to the gov-

ernment's motions, the district court dismissed the Executive Office from the case and stayed the case on behalf of the FBI. The district court took no formal action with respect to the Central District. To further complicate matters, the government argues on appeal that still another entity, the United States Department of Justice, was the sole defendant before the district court. We provide this abbreviated overview as a prelude to the following confusing tale.

Rolando Peralta, an inmate at the Federal Correctional Institution in Terminal Island, California, sought records relating to his criminal conviction pursuant to the Freedom of Information Act. Peralta initially requested the documents by writing to Assistant United States Attorney Carol Gilliam [1] of the Central District of California. When he received no response to his request within the statutory ten-day period, Peralta filed a FOIA lawsuit against the Central District, asserting that the Central District possessed the documents he wanted. *See* Complaint at ¶ 4. Peralta's complaint further alleged that "Defendant, U.S. Attorney's Office for the Central District of California, is an agency in the U.S. Department of Justice, a department within the Executive Branch of the United Stated [*sic*] Government." *Id.*

The "defendant" moved the district court to dismiss Peralta's case, claiming it had never received Peralta's FOIA request. Litigating that motion, the movant referred to itself as "Defendant" or "Defendant in the above-captioned case." The case caption in some of its filings identified the "defendant" as "U.S. Attorney's Office"; in other filings, the caption identified the "defendant" as "United States Attorney's Office, Central District of California." After that motion was briefed, the "defendant" discovered that AUSA Gilliam *had* received Peralta's request, but apparently did not understand its significance, and had subsequently lost it. In light of this development, the district court denied the motion to dismiss and granted the "defendant's" motion for a ninety-day stay to "permit the defendant to submit the relevant

documents to the Executive Office of United States Attorneys for processing." The Executive Office is the entity responsible for fielding FOIA requests sent to individual U.S. Attorney's Offices throughout the country. *See* U.S. Attys. Man.1–9.130.

After the ninety-day stay had expired, the "defendant"—still calling itself simply the "[d]efendant in the above-captioned case"— informed the district court that it had furnished Peralta with 414 pages of responsive documents in their entirety and 28 pages in part, and that it had withheld 396 pages in their entirety pursuant to FOIA exemptions. It also noted that some 290 pages "were referred to the Federal Bureau of Investigation (FBI) for review and direct response to plaintiff." *Id.* We shall refer to these documents as the "FBI Documents."

The "defendant" subsequently filed a motion captioned "The Executive Office for U.S. Attorneys' Motion to Dismiss or, in the Alternative, For Summary Judgment." The motion asked the district court to dismiss the Executive Office from the case on the ground that it had fully complied with its FOIA obligations. On the same date, the "defendant" filed another motion captioned "Defendant's Motion for a Stay on Behalf of the Federal Bureau of Investigation." That motion said that due to a backlog in processing FOIA requests, "plaintiff's request [for the FBI Documents] will not reach its turn in the queue until March, 2002." Accordingly, the movant requested the district court to enter a stay on behalf of the FBI to give the FBI time to process Peralta's request for the FBI Documents.

The district court granted both motions. Agreeing that the Executive Office had lived up to its FOIA obligations, the district court granted "defendant's motion for summary judgment" and dismissed the case "as to Defendant Executive Office of the U.S. Attorneys." In its Memorandum Order, the district court assumed that the Executive Office need not respond to Peralta's request

---

1. The defendant filed one declaration with the district court identifying this person as "Carol Gilliam," *see* Supplemental Declaration of John F. Boseker ¶ 1, and another identifying her as "Carol Gillam." *See* Declaration of Claire De Longe ¶ 1. Not knowing which name is correct, we shall refer to her as Carol Gilliam here.

for the FBI Documents, stating that "approximately 200 [*sic*] pages of documents . . . [were] referred . . . to the FBI for processing and direct response to plaintiff."

On the same day, and in a separate order, the district court granted the "defendant's" motion for a stay. In its order, the court said it was ruling on "the motion of *defendant Federal Bureau of Investigation* for a stay in this case until March 2002," and ordered the case to be stayed until February 1, 1998 (emphasis added). By doing so, the district court purported to elevate the FBI to the status of a party to the case, even though (1) the FBI was not named in the original case caption; (2) the FBI had never been served with a summons, complaint, or any other pleading; (3) Peralta never amended his complaint to add the FBI as a party; (4) the FBI had not been added as a party through joinder or intervention; (5) the FBI had never filed a pleading on its own behalf; (6) the district court docket did not show the FBI as a party to the case; and (7) Peralta, opposing the motion for a stay, had correctly reminded the district court that "there are no proceedings before the courts [*sic*] against the F.B.I."

Peralta filed a timely notice of appeal from the district court's order dismissing the Executive Office from the case.[2]

## II. Discussion

Our jurisdiction to review judgments of the district court is confined to "appeals from all final decisions," 28 U.S.C. § 1291, and to interlocutory appeals meeting the criteria stated in 28 U.S.C. § 1292. Put another way, we have no power to hear an appeal from the district court unless the district court's decision is "final" or one of the section 1292 exceptions applies. *See Everett v. U.S. Airways Group, Inc.,* 132 F.3d 770, 772 (D.C.Cir.1998). A district court's decision is "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633,

89 L.Ed. 911 (1945); *see also* Fed.R.Civ.P. 54(b).

Urging us to dismiss this case for want of appellate jurisdiction, the government argues that we should treat the Department of Justice as having been the sole defendant before the trial court. If we accept this point, we could not appropriately treat the appealed-from order as a "final decision" pursuant to 28 U.S.C. § 1291 because that order, which did not resolve the fate of the FBI Documents, did not end the litigation on the merits.

■ First, the government argues that the DOJ must have been the sole defendant below because the FOIA only applies to the DOJ, not to DOJ components FBI and Executive Office. Under the FOIA,

> the term "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

5 U.S.C. § 552(f). The reference to "section 551(1) of this title" is to the definitional section of the Administrative Procedure Act, which states that "'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency. . . ." In any event, because the government raised this argument for the first time on appeal, we shall not consider it. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084–85 (D.C.Cir.1984).

The government is free to reassert this argument on remand if it desires. However, we suspect that the FBI is subject to the FOIA in its own name. We have observed previously that the FBI is "clearly . . . covered" by the FOIA, *McGehee v. CIA,* 697 F.2d 1095, 1108 (D.C.Cir.1983). The FOIA itself appears to contemplate that the FBI is

---

**2.** A review of the file located in the district court clerk's office reveals that after the district court dismissed the Executive Office from the case, both the district court and the "defendant" have

proceeded as if the FBI is the sole defendant in the case, captioning their recent orders and filings: *Rolando Peralta v. Federal Bureau of Investigation.*

subject to its provisions. *See* 5 U.S.C. § 552(c)(3) (providing that the FBI may treat certain classified information as not subject to FOIA disclosure). And, the FBI has litigated numerous FOIA cases in its own name before the Supreme Court, this court, and other circuit courts, with the DOJ or one of its components appearing as counsel. *See, e.g., FBI v. Abramson,* 456 U.S. 615, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982) (Solicitor General's Office representing FBI); *Williams v. FBI,* 69 F.3d 1155 (D.C.Cir.1995) (U.S. Attorney's Office for the District of Columbia representing FBI and DOJ); *Quinon v. FBI,* 86 F.3d 1222 (D.C.Cir.1996) (U.S. Attorney's Office for the District of Columbia representing FBI); *Ferguson v. FBI,* 83 F.3d 41 (2nd Cir.1996) (U.S. Attorney's Office for the Southern District of New York representing FBI); *Jones v. FBI,* 41 F.3d 238 (6th Cir.1994) (DOJ representing FBI); *Schiffer v. FBI,* 78 F.3d 1405 (9th Cir.1996) (DOJ representing FBI and DOJ). Indeed, we note that, despite the government's position that district courts lack jurisdiction over the FBI as a named agency-party in FOIA cases, the FBI is currently participating as a litigant before the district court in this very case. *See* footnote 2, above.

■ In addition to arguing that the district court had jurisdiction over the DOJ alone, the government also asserts that the DOJ was the *de facto* defendant before the district court. Apparently a "*de facto* defendant" is a non-party which an appellate court decides to treat as if it had been a party. The government says that we recognized *de facto* party status in *Monarch Life Ins. Co. v. Elam,* 918 F.2d 201, 203 (D.C.Cir.1990). In that case, a named party, Elam, agreed to settle her personal injury case in exchange for a $19,000 payment from the defendant's insurance company. Citing an earlier judgment against Elam, a different insurance company filed a lawsuit against her, asserting its own interest in the settlement fund. Elam's lawyer believed he was entitled to a cut of that payment as a result of a contin-

gent fee agreement with Elam. The lawyer never filed a motion in his own name; instead, he piggybacked his personal claim onto pleadings filed on Elam's behalf. We observed in *dicta* that the lawyer "might well be regarded as a de facto intervenor" before the district court because he "was present in fact throughout every stage of the proceedings below (though not as a named party)" and because Elam herself lacked any "real substantive interest" in the settlement fund. *Id.* at 203. However, we found the question of the lawyer's "de facto intervenor" status to be academic, because it had not been raised on appeal. *Id.* In other words, we simply *mentioned* the concept of *de facto* party status, without passing on its validity. Accordingly, we reject the government's attempt to treat this *dicta* as precedent for this circuit's recognition of that amorphous concept.

Although we do not recognize *de facto* party status today, it is apparent that the DOJ has not established that it would qualify as a *de facto* defendant in this case even if we thought such a thing existed.[3] The record does not demonstrate that the DOJ behaved as a party in the district court. On July 19, 1995, the "defendant" filed with the district court:

- A motion entitled "The Executive Office for U.S. Attorneys' Motion to Dismiss or, in the alternative, for Summary Judgment." The case caption identifies the defendant as "U.S. Attorney's Office."

- A "Memorandum in Support of *Defendants'* Motion for Summary Judgment." The case caption identifies the defendant as "U.S. Attorney's Office."

- Fourth Declaration of John Boseker. The case caption identifies the defendant as "United States Attorney's Office, Central District of California."

- "Defendant's Motion for a Stay on Behalf of the Federal Bureau of Investigation." In this motion, "*defendants* request that this case be stayed on behalf

---

**3.** The government argues in the alternative that we should treat the FBI as a *de facto* defendant, but never explains why we should do so. We reject this argument because it is insufficiently

developed. *See* Fed. R.App..P. 28(a)(6); *United States v. Marshall,* 132 F.3d 63, 70–71 (D.C.Cir. 1998).

of the FBI until March, 2002, ... [at which time] *the defendant* should be in a position to provide the Court with additional information on the time required for processing."

Looking at this single day's filings, one wonders which governmental entity or entities were participating in the litigation. The Central District? The Executive Office? The FBI? Some combination of the above? The government asks us to extract from this morass the principle that the DOJ "actually participated in the proceedings below" as the sole defendant. We see no basis in the record for doing so. Although the record reveals that this somewhat schizophrenic "defendant" may have believed that it was one or more of the above entities, the "defendant" never identified itself as the DOJ. Even more importantly, unlike the non-party lawyer in *Elam*, the DOJ did nothing in its own name before the district court, whether as a party or not. In light of these key facts, the government's argument that we should treat the DOJ as the sole `"de facto"` defendant amounts to nothing more than wishful thinking.

When the district court dismissed the Executive Office from the case, all of the parties (as well as the district court) assumed that the Executive Office was the alter ego of the named defendant, Central Division, and had litigated the case on its behalf. We make the same assumption here. Because the district court's order effected the dismissal of the only defendant from the case, that order was a final decision pursuant to 28 U.S.C. § 1291, and we may assert jurisdiction over it. The fact that the district court concurrently entered a stay on behalf of a non-party does not render that order any less final.

Having concluded that we have jurisdiction over the district court's judgment, we reverse it. Although the district court order dismissed the only defendant party in this case, it did not resolve all of the issues. The district court made no finding that the requested FBI Documents were either subject

to disclosure or exempt from disclosure under the FOIA; rather, it apparently approved of the Executive Office's referral of these documents to non-party FBI for processing. We find this to be reversible error and remand to the district court.

On remand, the district court's first task is to impose order on this chaotic record, and resolve who the defendant or defendants are in this case. The district court must confront another question on remand: was the Executive Office justified in referring the FBI Documents to the FBI for processing? In other words, did this referral procedure result in the improper "withholding" of the FBI Documents? *See* 5 U.S.C. § 552(a)(4)(B). To determine if it did, a reviewing court must ask if the "net effect [of the referral procedure] is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them." *McGehee*, 697 F.2d at 1110. Such a "withholding" will be considered "improper" unless the agency can offer a reasonable explanation for its procedure. *Id.* In *McGehee*, we emphasized that there is no "bright line" test for evaluating a given referral procedure, but we outlined a model procedure to assist courts in doing so. *Id.* at 1111. Under that framework, a court considers whether the originating agency has the "intent to control" the contested records, and whether the referral is "prompt and public." *Id.* at 1111–12; *see also Paisley v. CIA*, 712 F.2d 686, 691–92 (D.C.Cir.1983).

Neither party cited *Paisley* or *McGehee* to the district court, and the district court mentioned neither case in its order approving of the referral of the FBI Documents to the FBI for processing. Nor did the district court make any findings as to whether the referral procedure used in this case was appropriate. On remand, the district court must evaluate the referral procedure in light of these cases,[4] its own resolution of which entity or entities are proper agency defendants in this case, and a DOJ regulation

---

4. The district court may consider Peralta's argument, raised for the first time before us in his reply brief, that our model procedure has been

undercut by *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 145, 109 S.Ct. 2841, 2848, 106 L.Ed.2d 112 (1989).

(promulgated after we decided *Paisley* and *McGehee*) providing for the referral of records to originating components or agencies under certain circumstances.[5] *See* 28 C.F.R. § 16.4(d).

## III. Conclusion

Federal Rule of Civil Procedure 10(a) provides that "the names of all the parties" must appear in complaints filed in federal court. The Federal Rules also provide formal means of adding parties to a federal lawsuit that were not named in the complaint. *See* Fed.R.Civ.P. 19(a); 20(a); 25(c). At the government's request, the district court dismissed the case against an entity that all parties treated as the alter ego of the original sole defendant. Also at the government's request, the district court stayed the case on behalf of another entity that was not named in Peralta's complaint and was not added to the case through formal means. These actions led to the tangled record we have before us, to our appointment of Georgetown's able Appellate Litigation Program as amicus to help sort out the confusion, and to our own efforts to make sense of the jurisdictional issues raised by this case. With some regret, we note that all of these things could have been avoided if the government and the district court had paid attention to the elemental issue of who the parties were in this litigation.

We vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

---

**5.** The district court may consider Peralta's argument, raised for the first time on appeal, that this regulation is invalid because it conflicts with *Paisley* and *McGehee*.