**Rolando PERALTA, Plaintiff,**

v.

**UNITED STATES ATTORNEY'S OFFICE, Defendant.**

**Civil Action No. 94–760(NHJ).**

United States District Court,
District of Columbia.

March 22, 1999.

Opinion Granting Reconsideration,
May 17, 1999.

Rolando Peralta, Terminal Island, CA, pro se.

Patricia Daniells Carter, U.S. Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, Chief Judge.

Presently before the Court are two motions: 1) a motion filed by defendant, the United States Attorney's Office for the Central District of California ("the Central District"), to substitute the United States Department of Justice ("DOJ") for itself as the proper defendant in this case; and 2) a motion to dismiss or, alternatively, for summary judgment filed by DOJ, as if it were the proper and sole defendant in this case.[1] Plaintiff does not oppose the first motion but does oppose the second. The Court shall deny the first motion, finding that DOJ is not the proper defendant in this case and that rather the Central District, the Executive Office for the United States Attorneys ("EOUSA"), and the Federal Bureau of Investigation ("FBI") are the proper defendants in this case. Accordingly, the Court shall join EOUSA and FBI as necessary parties pursuant to Fed.R.Civ.P. 19(a)(1). Pursuant to plaintiff's request, the Court shall hold the motion to dismiss or, alternatively, for summary judgment in abeyance until FBI provides plaintiff with a *Vaughn* index. FBI has indicated that it can provide the index within sixty days.

### Background

In 1994, plaintiff, an inmate at the Federal Correctional Institution in Terminal Island, California, requested records relating to his criminal conviction from both the

---

1. DOJ assumed it would be substituted for the Central District as the proper defendant in this case and thus filed the motion to dismiss as if it were the sole defendant representing the interests of its component agencies; the Central District, EOUSA, and FBI.

Central District and FBI. Having not heard anything from the Central District for two months, plaintiff filed a complaint with this Court pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), naming as the sole defendant the Central District. After a period of disagreement over the issue of whether the Central District had ever received plaintiff's FOIA request, the Central District ultimately searched its criminal case file system pursuant to his FOIA request and located a case file entitled *United States v. Peralta*, Crim. No. CR–89–578–JMI. The Central District then transferred the responsive records to EOUSA, which is responsible for handling FOIA requests. Although EOUSA became involved in the case on behalf of the Central District by reviewing and processing the records, it was never formally added as a defendant.

Calling itself the "defendant," EOUSA subsequently informed the Court that it had provided plaintiff with "414 pages of responsive documents in their entirety and 28 pages in part, and that it had withheld 396 pages in their entirety pursuant to FOIA exemptions." *Peralta v. U.S. Attorney's Office, Central District of California*, 136 F.3d 169, 172 (C.A.D.C.1998). EOUSA noted that it had referred 289 pages of records originating with FBI for review and direct response to plaintiff. FBI combined the referred records with the separate FOIA request it had received from plaintiff in 1994, EOUSA then filed a motion to dismiss itself from the case, arguing that it had fully complied with its FOIA obligations. FBI also filed a motion for a stay to give itself until March 2002 to process the referred records and the request from 1994. This Court granted both motions, thereby dismissing EOUSA from the case and granting a stay to FBI. By doing this, the Court treated EOUSA and FBI as if they were named defendants even though they had never been formally added as parties. Plaintiff appealed the Court's order dismissing EOUSA from the case.

On appeal, the government claimed that DOJ should be treated as the sole defendant in this case in lieu of the Central District, EOUSA, and FBI, arguing that FOIA applies only to agencies such as DOJ, not to components thereof. *Id.* at 173. The Court of Appeals did not decide this issue, leaving the government free to raise it on remand; however, the Court of Appeals did express its belief that FBI is subject to the FOIA in its own name and rejected the claim that DOJ was a *de facto* defendant. *Id.* at 173–75. Consistent with this Court's assumptions, the Court of Appeals also assumed that EOUSA was the "alter ego" of the Central District and that it had litigated the case on behalf of the Central District. *Id.* at 175. Despite this assumption, the Court of Appeals reversed this Court's decision to grant summary judgment in favor of EOUSA and directed this Court to resolve two issues on remand: 1) who is the proper defendant in this case and 2) whether EOUSA's referral of FBI documents to FBI for processing was an improper "withholding" of documents under 5 U.S.C. § 552(a)(4)(B). The Court shall decide these issues along with the motion to substitute DOJ for the Central District as defendant.

## I. The Proper Defendants in this Case

█ The Central District has moved to substitute DOJ for itself as the proper defendant in this case. Federal Rule of Civil Procedure 25 governs the substitution of parties. Rule 25(c) provides as follows: "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 480 n. 1 (D.C.Cir.1996) (*quoting* Fed.R.Civ.P. 25(c)). Even though plaintiff does not oppose the motion for substitution, the Court retains the discretion to refuse it. *See E.I. du Pont De Nemours & Co. v. Lyles & Lang Const., Co.*, 219 F.2d 328, 332 (4th Cir.1955) (noting that a

court acts "well within the limits of the sound discretion contemplated by Rule 25(c) in refusing to allow" a substitution); *McComb v. Row River Lumber Co.*, 177 F.2d 129, 130 (9th Cir.1949) (confirming a court's prerogative to decline to allow a substitution under Rule 25(c)). For the reasons given below, the Court shall deny the requested substitution.

The Central District contends that DOJ alone should be the defendant in this case because "the proper defendant in a FOIA suit is the *'agency'*" and only DOJ constitutes an "agency." *See* Def.'s Mot. to Substitute (emphasis added). Both the FOIA and Privacy Act give district courts jurisdiction to enjoin an agency from improperly withholding agency records. *See* 5 U.S.C. §§ 552(a)(4)(B), 552a(3)(A). For purposes of these statutes, the term "agency" is defined as "any Executive department, military department, Government corporation, Government-controlled corporation, or other establishment in the executive branch of the Government ... or any independent regulatory agency." 5 U.S.C. § 552(f). The term "Executive department" is further defined as a "cabinet-level agency," which includes DOJ. 5 U.S.C. § 105. The Central District argues that FBI, as a mere component of DOJ, is therefore not an agency within the definition of the FOIA and should not be a defendant.

Although the Court of Appeals did not decide whether DOJ or FBI should serve as a defendant in this action, it strongly suggested that the FOIA applies to FBI and not merely to DOJ. *See Peralta*, 136 F.3d at 173 ("we have observed previously that FBI is 'clearly ... covered' by the FOIA") (citing *McGehee v. CIA*, 697 F.2d 1095, 1108 (D.C.Cir.1983)). As the Court of Appeals noted, "[t]he FOIA itself appears to contemplate that the FBI is subject to its provisions," *id.* at 173–74 (citing 5 U.S.C. § 552(c)(3)), and FBI "has litigated numerous FOIA cases in its own name before the Supreme Court, this court, and other circuit courts, with the DOJ as one of its components appearing as counsel." *Id.* (citations omitted).

For the reasons stated by the Court of Appeals and given that many of the documents at issue in this case originated with FBI and have been processed by FBI, the Court finds that FBI is a proper defendant in this case. Although not a formal party to this case, FBI has been actively involved. It has processed 640 pages of records responsive to plaintiff's FOIA request directed to FBI in 1994 and 289 pages of records it received from EOUSA. *See* Hodes Decl. ¶¶ 5, 15. Of the 289 referred records, 273 pages were duplicates of those responsive to the direct request to FBI and 16 pages were not duplicates. *See id.* ¶ 15. On February 24, 1998, FBI wrote to plaintiff informing him that 312 pages of responsive records were available to him once he paid copying fees. Once plaintiff had paid the fees, FBI released those pages. After learning that plaintiff had not received them, FBI resent the records to plaintiff on September 14, 1998. Thus, FBI has played an integral role in ensuring that plaintiff's FOIA requests were answered.

Furthermore, the Court does not think DOJ should be substituted for FBI, the Central District, and EOUSA in this case. First, as the Court of Appeals highlighted, "the 'defendant' never identified itself as the DOJ" and "the DOJ did nothing in its own name before the district court, whether as a party or not." *Id.* at 175. More importantly, if the Court were to substitute DOJ for the Central District, EOUSA, and FBI in this case, it would impede the purposes of the FOIA by preventing persons from receiving information in the most direct and efficient manner. DOJ is a large and complex entity, comprised of several individual components that have direct responsibility for certain documents. Treating the Central District, EOUSA, and FBI as individual defendants instead of treating DOJ as the sole defendant affords this FOIA plaintiff the most direct interaction possible with the entities that are actually in possession of or responsible for creating the documents at issue, and

thereby facilitates more efficient responses to his FOIA request.

 Finally, to ensure accountability for plaintiff's FOIA request, the Court shall not release the Central District, the only named defendant, from this action at this time. According to the D.C. Circuit, "when an agency receives a FOIA request for 'agency records,' in its possession, it must take responsibility for processing the request." *McGehee*, 697 F.2d at 1110. The mere fact that another agency created the documents cannot excuse the possessing agency from its responsibility to the person or party seeking information. *Id.; see also Paisley v. CIA,* 712 F.2d 686, 691 (D.C.Cir.1983). The Central District has not fully relinquished its responsibility for this FOIA request by virtue of the referrals to EOUSA and FBI. The statute disfavors any attempt by an agency "to shirk [its] responsibilities to respond promptly and fully to requests for records." *McGehee*, 697 F.2d at 1101 n. 18 (citation omitted). In order to adhere to the purpose of the FOIA, the Court should not allow the Central District to pass on its responsibility to respond to plaintiff's request to EOUSA, FBI, or DOJ. Such an action would allow the very "shirking" the FOIA intended to prevent. Thus, the Court shall deny the requested substitution.

In addition to keeping the Central District in the case, the Court also believes that EOUSA is a proper defendant in this case and should be formally added as a party. EOUSA has participated actively in this matter by processing responsive documents and filing pleadings and has been treated as a defendant in the case at both the district and appellate levels. In light of its responsibility for processing FOIA actions, its role as a defendant in many FOIA cases, and its active participation in responding to plaintiff's FOIA request, the Court finds that EOUSA is a proper defendant in this case.

As the Court finds that both EOUSA and FBI are proper defendants in this case, the Court shall *sua sponte* join them as necessary parties pursuant to Fed.

R.Civ.P. 19(a). *See Peralta,* 697 F.2d at 1112 (indicating that courts may join an originating agency pursuant to this rule). Pursuant to Fed.R.Civ.P. 19(a)(1), a person must be joined as a party to an action "if in [his] absence complete relief cannot be accorded among those already parties" and where "joinder will not deprive the court of jurisdiction over the subject matter of the action." Here, the Court finds that FBI and EOUSA are necessary parties because complete relief, i.e., production of all the documents requested by plaintiff, cannot be granted unless they are brought into this action as formal defendants. The fact that EOUSA processed the majority of documents requested by plaintiff and that FBI processed the remainder of plaintiff's request demonstrates the necessity of including EOUSA and FBI as defendants.

## II. EOUSA's Referral to FBI of Documents Originating with FBI

Having concluded that the proper defendants in this case are the Central District, EOUSA, and FBI, the Court now turns to the remanded issue of whether EOUSA properly referred plaintiff's FOIA request for documents to FBI for processing. *See Peralta,* 136 F.3d at 175. The Court of Appeals directed this Court to assess the referral procedure "in light of [two] cases, [*McGehee*, 697 F.2d at 1108 and *Paisley,* 712 F.2d at 691–92], [this Court's] own resolution of which entity or entities are proper agency defendants in this case, and a DOJ regulation (promulgated after [the D.C. Circuit] decided *Paisley* and *McGehee* ) providing for the referral of records to originating components or agencies under certain circumstances." *Peralta,* 136 F.3d at 175–76 (citing 28 C.F.R. § 16.4(d)).

 In cases involving FOIA requests, three conditions must be met before a court "may compel an agency to release documents." *McGehee*, 697 F.2d at 1105 (*citing Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 137–38, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980)). Under 5 U.S.C. § 552(a)(4)(B),

jurisdiction rests on a showing that an agency has 1) "improperly"; 2) "withheld"; 3) "agency records," 5 U.S.C. § 552(a)(4)(B). In *McGehee*, the D.C. Circuit considered whether the Central Intelligence Agency ("CIA") improperly withheld "agency records" by referring documents that were in its possession to the originating agencies, the State Department and FBI, for processing. In addressing the issue of "whether a document in the possession of one agency that originated in another constitutes an 'agency record' for the purposes of the FOIA," the D.C. Circuit held that "all records in an agency's possession, whether created by the agency itself or by other bodies covered by the Act, constitute 'agency records.'" *McGehee*, 697 F.2d at 1108–09.

 The D.C. Circuit then turned to the issue of whether a referral constitutes a "withholding" and held that if the "net effect" of an agency's handling of a FOIA request "is significantly to impair the requester's ability to obtain the records or significantly to increase the amount of time he must wait to obtain them," then the response constitutes a "withholding." *Id.* at 1110. The Court should treat the withholding as "improper" "unless the agency can offer a reasonable explanation for its procedure." *Id.* For instance, the procedure will be deemed "reasonable" if it "significantly improves the quality of the process whereby the government determines whether all or portions of responsive documents are exempt from disclosure." *Id.*

 In determining whether a referral to an originating agency was proper, courts should also consider "whether the originating agency has the 'intent to control' the contested records, and whether the referral is 'prompt and public.'" *Peralta*, 136 F.3d at 175 (citations omitted). The D.C. Circuit defined the "intent to control" test as follows: "an intention on the part of the originating agency that it retain the authority to decide if and when materials are released to the public would have to be made evident by either (i) ex-

plicit indications to that effect on the face of each document or (ii) the circumstances surrounding the creation and transfer of the documents." *McGehee*, 697 F.2d at 1111. The referral would qualify as "prompt and public" provided the agency would "immediately (i) inform the requester of the situation, (ii) notify the originating agency and, (iii) if necessary, forward to the latter copies of the relevant documents." *Id.*

In defending EOUSA's referral to FBI, DOJ stresses that it was an intra-agency referral distinguishable from the interagency referrals at issue in *McGehee* and that such referrals are consistent with DOJ's "intention that FBI control the content of law enforcement records that it creates." Def.'s Mot. to Dismiss at 6. The Court finds that the requisite "intent to control" is embodied in 28 C.F.R. § 16.4(d) which requires DOJ component agencies that receive requests for law enforcement records to refer such records to the originating law enforcement agency for FOIA processing. To avoid unnecessary delays in processing, the referral is limited to "only the information generated or originated by that other component or agency" and the law enforcement component receiving the referral must treat the FOIA request as if it had been received on the date it was originally received by the referring component. 28 C.F.R. § 16.4(d), (g).

 Although DOJ concedes that EOUSA's referral of documents to FBI delayed their processing due to the backlog of pending FOIA requests at FBI, DOJ insists the referral was nonetheless proper for three reasons. First, the referral was appropriate under 28 C.F.R. § 16.4(d). Second, the referral was "prompt and public," *see McGehee*, 697 F.2d at 1111–12, because EOUSA informed plaintiff of the referral and upon receipt of the records, FBI notified plaintiff of the status of his request in FBI's processing queue. Third, FBI decided to process the documents referred from EOUSA simultaneously with

the documents responsive to plaintiff's direct request to FBI in February 1994, thereby putting his FOIA request to EOUSA further ahead in FBI's queue. DOJ maintains that any delay experienced at FBI was justified under FBI's "first-in, first-out" policy of handling FOIA requests and that any complaint about delay is moot now that plaintiff has received the FBI records he sought. Def.'s Mot. to Dismiss at 8.

 While the Court finds that the referral constituted a "withholding" because the "net effect" of the referral significantly increased the amount of time plaintiff had to wait to obtain the FBI documents, the Court concludes that DOJ has offered "a reasonable explanation" for the referral. *McGehee*, 697 F.2d at 1110. DOJ's regulation, 28 C.F.R. § 16.4(d), clearly instructed EOUSA to refer the documents originating with FBI to FBI, and EOUSA appropriately referred only such records. Furthermore, the Court finds that the referral was "prompt and public." *Id.* at 1111. Although the referral caused some delay in processing, FBI limited this delay by handling the referred records in conjunction with plaintiff's February 1994 request to FBI. For these reasons, the Court holds that EOUSA's referral to FBI of records originating with FBI was not an improper withholding.

### III. Motion to Dismiss or Alternatively for Summary Judgment

The next issue facing the Court is whether FBI properly withheld certain information from plaintiff pursuant to exemptions under the Privacy Act and the FOIA. DOJ, assuming it would be substituted as the defendant in this case, has filed a motion to dismiss or alternatively for summary judgment on the grounds that FBI properly applied the exemptions. Given the Court's findings that FBI is a proper defendant in this case but that DOJ is not, the Court shall treat the motion filed by DOJ as if it were filed by FBI. The motion is supported by the declarations of Sherry L. Davis, a supervisory special agent of FBI, and Scott A. Hodes,

an attorney-advisor at FBI, a legal memorandum, and a statement of material facts not in dispute, but it is not supported by a *Vaughn* index.

Plaintiff asks the Court to dismiss the motion to dismiss as premature while he awaits a ruling on his administrative appeal which requested review by the Office of Information and Privacy of FBI's partial withholding of records. Plaintiff has expressed his intention to request a *Vaughn* index and *in camera* review of the withheld documents in the event his administrative appeal is denied. The Office of Information and Privacy has informed the Court that it is closing out plaintiff's appeal because the subject of the administrative appeal is the same as that of the motion to dismiss before the Court. Although the administrative appeal therefore provides no basis for postponing consideration of the motion to dismiss, the Court will hold the motion in abeyance until FBI has provided plaintiff and the Court with a *Vaughn* index.

The D.C. Circuit has made clear that the government must provide a Vaughn index when asserting exemptions from disclosure under the FOIA. *See Kimberlin v. Dep't of Justice*, 139 F.3d 944, 950 (D.C.Cir.1998) (citing *Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C.Cir.1973)). As the Court has explained:

> The purpose of a Vaughn index is to permit adequate adversary testing of the agency's claimed right to an exemption, and those who contest denials of FOIA requests—who are necessarily, at a disadvantage because they have not seen the withheld documents—can generally prevail only by showing that the agency's Vaughn index does not justify withholding information under the exemptions invoked.

*Schiller v. NLRB*, 964 F.2d 1205, 1209 (D.C.Cir.1992) (citations omitted). EOUSA included a *Vaughn* index to support its motion for summary judgment filed in July 1995, but neither DOJ nor FBI has provid-

ed a *Vaughn* index to support the pending motion to dismiss.

Given the absence of a *Vaughn* index relating to the documents withheld by FBI and plaintiff's request for one, the Court shall decline to resolve FBI's motion to dismiss or alternatively for summary judgment until FBI provides plaintiff and the Court with a *Vaughn* index. FBI shall have no more than sixty days to file the index with the Court. The Court shall not decide at this time whether to conduct an *in camera* review of the withheld documents but rather shall await receipt of the index. *See Lam Lek Chong v. United States Drug Enforcement Admin.*, 929 F.2d 729, 735 (D.C.Cir.1991) ("Section 552(a) of the FOIA, 5 U.S.C. § 552(a)(4)(B), permits but does not require in camera review of withheld documents. Th[is] decision ... is left to the 'broad discretion of the trial court judge.'") (citation omitted).

An appropriate order shall accompanying this Memorandum Opinion.

### *ORDER*

Presently before the Court is the motion filed by the United States Attorney's Office for the Central District of California ("the Central District") to substitute the United States Department of Justice ("DOJ") for itself as the proper defendant in this case, and the motion to dismiss or, alternatively, for summary judgment filed by DOJ. For the reasons given in the accompanying Memorandum Opinion, it is this 22nd day of March 1999,

ORDERED that the Central District's motion to substitute the agency as defendant [# 52] be, and hereby is, denied; it is further

ORDERED that EOUSA and FBI are formally joined as necessary parties to this action pursuant to Fed.R.Civ.P. 19(a)(1); it is further

ORDERED that defendant's motion for summary judgment [# 58] be, and hereby is, held in abeyance until FBI provides plaintiff and the Court with a *Vaughn* index; and it is further

ORDERED that FBI shall have no more than sixty days from the date of this Order to file the *Vaughn* index with the Court.

### *MEMORANDUM OPINION ON RECONSIDERATION*

Presently before the Court is Defendant's Motion for Reconsideration of the Court's Decision to Deny Its Motion to Substitute and Ordering a *Vaughn* Index. In its Memorandum Opinion and Order of March 22, 1999, the Court denied the motion to substitute the Department of Justice (DOJ) for the named defendant, the United States Attorney's Office for the Central District of California (Central District). The Court also joined the Executive Office of the United States Attorneys (EOUSA) and the Federal Bureau of Investigation (FBI) as necessary parties to this action. Defendant seeks reconsideration of these two decisions as well as the Court's order directing FBI to provide a *Vaughn* index to plaintiff. Plaintiff has expressed no opposition to defendant's motion for reconsideration.

In light of the "Post–Peralta" policy of the United States Attorney's Office for the District of Columbia (USAODC) for litigating Freedom of Information Act (FOIA) claims and the fact that DOJ is an "agency" for purposes of the FOIA, the Court shall permit DOJ to be substituted as the proper defendant in this case and vacate its order joining EOUSA and FBI as necessary parties. In the absence of any opposition from plaintiff and given the detailed nature of the declaration filed by Scott Hodes of FBI's Freedom of Information Office, the Court shall also vacate its order directing the FBI to produce a *Vaughn* index and holding the motion for summary judgment in abeyance. The Court finds that Hodes's declaration provides an adequate basis for deciding whether FBI has properly applied the exemptions of the FOIA and Privacy Act to the withheld materials. On the basis of the affidavit, the Court approves of FBI's

redactions and shall therefore grant DOJ's motion for summary judgment.

## I. The Motion for Reconsideration

Having been informed of the changes in the FOIA practice of USAODC that were prompted by the D.C. Circuit's decision in this case, the Court is confident that the requested substitution of DOJ for the Central District will not result in components of DOJ shirking their responsibility for responding to FOIA requests. Under the "Post–Peralta" policy, if a plaintiff in a FOIA case sues a component of an agency, such as EOUSA or FBI, or another agency in addition to or instead of the agency, USAODC asserts in its answer and its dispositive motions that the agency, not the component, is the proper party. USAODC then works with the agency and its components to process the FOIA request regardless of who is named as the defendant. Given that this policy and DOJ's regulations ensure DOJ's assumption of "full responsibility for responding to FOIA requests directed either to DOJ or to one of its components," the Court finds the substitution of DOJ for the Central District will not impair the ability of FOIA plaintiffs to obtain direct and efficient responses to their requests. *See* Def.'s Mot. for Recons. at 3 (citing 5 U.S.C. § 552(a)(4)).

▇▇▇ The Court is also persuaded that DOJ is "an agency" for purposes of the FOIA and the Privacy Act and is therefore a proper defendant in this case. *See* 5 U.S.C. §§ 105, 552a(3)(A), 552(a)(4)(B), 552(f)(1). Accordingly, the Court shall vacate its order denying the motion for substitution and hereby permit DOJ to be substituted for the Central District. As DOJ will be responsible for ensuring that its component agencies, such as EOUSA and FBI, process FOIA requests, it is no longer necessary to join EOUSA and FBI as necessary parties. The Court will therefore vacate its order joining these two parties. Although neither EOUSA nor FBI will be a named party to this action, DOJ's regulations will require both components to continue responding to FOIA requests. *See* 28 C.F.R. § 16.4; Appendix I to Part 16.

▇▇▇ Lastly, DOJ asks the Court to reconsider its order directing FBI to produce a *Vaughn* index. DOJ asserts that the twenty-page declaration filed by Scott Hodes of FBI's Freedom of Information Office amply satisfies the requirements of *Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C.Cir.1973), and sufficiently permits the Court to rule on the propriety of FBI's redactions. In his Opposition to DOJ's motion for summary judgment, plaintiff expressed interest in obtaining "a *Vaughn* index," which the Court presumes to mean a table or index summarizing the redactions and underlying exemptions that are described in Hodes's declaration. However, plaintiff has not opposed DOJ's motion for reconsideration of the Court's order directing FBI to produce a *Vaughn* index.

In this Circuit, a legally sufficient "*Vaughn* index" serves three purposes:

> [1] it forces the government to analyze carefully any material withheld, [2] it enables the trial court to fulfill its duty of ruling on the applicability of the exemption, and [3] it enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court.

*Keys v. United States Department of Justice*, 830 F.2d 337, 349 (D.C.Cir.1987). DOJ's motion for summary judgment is supported by the declarations of Scott Hodes and Sherry L. Davis, a supervisory special agent of FBI, a legal memorandum, and a statement of material facts not in dispute. These materials, although not specifically denominated as a "*Vaughn* index," adequately serve the three purposes described above. They explain the nature of the withheld information in great detail and sufficiently enable the Court to rule on the applicability of the asserted exemptions. *See id.* (noting that "it is the function, not the form, of the [*Vaughn*] index that is important"); *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir.1994) ("Use of *Vaughn*

*affidavits* is normal procedure in FOIA cases because (1) detailed description of material withheld could reveal exactly what the agency may be entitled or required to withhold; and (2) agency actions and affidavits are normally entitled to a presumption of good faith.") (emphasis added) (citation omitted). Therefore, the Court shall vacate its order directing FBI to produce "a *Vaughn* index" and shall now turn to the merits of DOJ's summary judgment motion.

## II. The Motion for Summary Judgment

DOJ, assuming it would be substituted as the defendant in this case, moves for summary judgment on the ground that FBI properly applied the exemptions of the FOIA and Privacy Act to the information withheld from plaintiff. Plaintiff asked the Court to dismiss the motion for summary judgment as premature while he was awaiting a ruling on his administrative appeal which requested review by the Office of Information and Privacy of FBI's partial withholding of records. However, the Office of Information and Privacy has since closed out his appeal because the subject of the administrative appeal is the same as that of the summary judgment motion before the Court. *See* Letter to Mr. Peralta from Richard L. Huff, Co–Director of the Office of Information and Privacy (Apr. 19, 1999) (on file with the Court). Other than this, plaintiff identifies no material fact concerning FBI's withholdings that would support a denial of the summary judgment motion.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56 requires the nonmoving party to go beyond the pleadings and by

its own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court finds that FBI properly withheld information pursuant to the exemptions of the FOIA and Privacy Act and shall therefore grant DOJ's summary judgment motion.

█ FBI has released 312 of 640 reviewed pages of material pursuant to plaintiff's FOIA request and has withheld certain records pursuant to Privacy Act Exemption (j)(2) and FOIA exemptions (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E). *See* Hodes Decl. ¶ 9. Of the 289 pages of FBI documents referred from EOUSA, 273 were duplicates of documents that FBI had processed and were therefore not separately considered for release. Of these pages, one was released with deletions while 15 were denied in their entirety. *See id.* ¶ 15. All of the records responsive to plaintiff's request relate to the criminal investigation and prosecution of plaintiff and are maintained in the records systems of FBI and the Central Division; therefore, they are exempt from disclosure under Privacy Act Exemption (j)(2). *See* 5 U.S.C. § 552a(j)(2). As a result, FBI processed the records according to the FOIA exemptions.

### A. FOIA Exemption (b)(2)

█ Exemption (b)(2) protects information "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). FBI applied FOIA exemption (b)(2) to agency informant codes and radio channels used for administrative and investigatory purposes. Hodes Decl. ¶¶ 19–20. FBI uses codes, known as "source symbol numbers," to conceal the identity of confidential informants who regularly report information to FBI. Disclosures of such information could lead to the identification of informants. FBI also uses radio channels during physical sur-

veillance; disclosing this information could thwart FBI's law enforcement efforts. The Court finds that FBI properly applied the exemption because the information "in its investigative files is a matter of internal significance in which the public has no substantial interest." *Lesar v. U.S. Dep't of Justice,* 636 F.2d 472, 485–86 (D.C.Cir. 1980) (holding that exemption (b)(2) applied to the informant codes in the FBI's investigative files).

**B. FOIA Exemption (b)(3)**

█ FBI asserted exemption (b)(3) to protect the identities of grand jury witnesses and descriptions of information obtained by federal grand jury subpoenas. Grand jury information of this kind is protected by Federal Rule of Criminal Procedure 6(e). *See Senate of Commonwealth of Puerto Rico v. U.S. Dep't of Justice,* 823 F.2d 574, 582 (D.C.Cir.1987). Exemption (b)(3) permits an agency to withhold information prohibited from disclosure by another statute. Rule 6(e) has been held to qualify as a nondisclosure statute under this exemption. *See, e.g., Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.,* 656 F.2d 856, 869 (D.C.Cir.1981). The Court finds that this exemption was properly applied.

**C. FOIA Exemption (b)(6)**

Exemption (b)(6) protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In interpreting the term "similar files," the Supreme Court has noted: "[W]e do not think that Congress meant to limit Exemption 6 to a narrow class of files containing only a discrete kind of personal information. Rather, '[t]he exemption [was] intended to cover detailed Government records on an individual which can be identified as applying to that individual.'" *U.S. Dep't of State v. Washington Post Co.,* 456 U.S. 595, 602, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982) (citations omitted).

█ FBI applied exemption (b)(6) to protect letters of commendation of FBI and DOJ employees who worked on plaintiff's investigation. The letters provide detailed descriptions of the impressive work performed by the employees and express gratitude for such work. According to FBI and DOJ, the employees' privacy interests in the letters outweigh any public interest in their disclosure. Disclosing the letters could subject the employees to harassment and there is no public interest served by disclosing their identities. *See* Hodes Decl. ¶ 24. Balancing the public and private interests, the Court finds that the letters constitute the type of "similar files" that Congress intended to protect and that FBI properly applied exemption (b)(6).

**D. FOIA Exemption (b)(7)(C)**

█ FOIA exemption (b)(7)(C) permits an agency to refuse to disclose "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Determining whether privacy interests are at stake requires the Court to balance the public's interest in disclosure with that of the individuals who may be affected by disclosure of a private document. *See Lesar,* 636 F.2d at 486. Although the privacy interest must be sufficiently substantial as to outweigh the public's interest in disclosure, *Senate of Commonwealth of Puerto Rico,* 823 F.2d at 588, the public interest is limited to situations where disclosure might "shed[ ] light on an agency's performance of its statutory duties." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 773, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).

█ FBI applied exemption (b)(7)(C) to withhold "the identities, telephone numbers, and squad numbers of FBI Special Agents and support personnel who were

responsible for conducting, supervising, and/or maintaining the investigative activities reported in this investigation." Hodes Decl. ¶¶ 26–27. In addition, FBI applied exemption (b)(7)(C) to protect the names or other identifying information of third parties who provided information to FBI and third parties who are of investigative interest to FBI. *Id.* ¶¶ 28–29. After balancing the privacy interests of these individuals against any potential public interest in this information, FBI concluded that the privacy interests outweighed any potential public interest. *See id.* ¶ 25.

The Court finds that FBI properly applied exemption (b)(7)(C) in the present case. As the D.C. Circuit has recognized, "[e]xemption 7(C) takes particular note of the 'strong interest' of individuals, whether they be suspects, witnesses, or investigators, 'in not being associated unwarrantedly with alleged criminal activity.'" *Fitzgibbon v. C.I.A.*, 911 F.2d 755, 767 (D.C.Cir.1990) (citation omitted). Disclosing the identities of law enforcement personnel and cooperating third parties could easily subject them to harassment and undue suspicion. *See Lesar*, 636 F.2d at 488. With respect to such third parties, the D.C. Circuit has made clear that "[t]hose cooperating with law enforcement should not now pay the price of full disclosure of personal detail." *Id.* at 488; *see also Computer Professionals for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897, 904 (D.C.Cir.1996). Furthermore, disclosing the identities of third parties of investigatory interest to FBI could disrupt FBI investigations or subject such parties to undue attention. *See* Hodes Decl. ¶ 29. The Court finds that the strong privacy interests of these individuals in their identities are not outweighed by any public interest for "there is no reasonably conceivable way in which the release of [an] individual's name ... would allow citizens to know 'what their government is up to.'" *Fitzgibbon*, 911 F.2d at 768 (citation omitted).

### E. FOIA Exemption (b)(7)(D)

 Exemption (b)(7)(D) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (D) could reasonably be expected to disclose the identity of a confidential source, ... and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, ... information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). If law enforcement investigators have given explicit assurance of confidentiality, the exemption protects not only the identity of cooperating third-parties but also the information they have provided. *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 172, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). Although the Court cannot treat all FBI investigative sources as presumptively confidential, the Court should treat sources as confidential "if the source furnished information with the understanding that the FBI would not divulge the communication except to the extent it thought necessary for law enforcement purposes." *Id.* at 174, 179, 113 S.Ct. 2014. Implicit understandings of confidentiality may be inferred from the character of the crime and the source's relation to it. *Id.*

 Pursuant to exemption (b)(7)(D), FBI withheld informant symbol numbers, confidential sources, information from such sources, and the names and information received from state and local law enforcement agencies. *See* Hodes Decl. ¶¶ 32–37. The information provided by the sources was protected to preclude plaintiff from using it to identify its sources. The sources provided information with the implied understanding that it would be kept confidential. *See id.* ¶ 36. If their identities were disclosed, they could be subjected to harassment and possible harm. *See Gula v. Meese*, 699 F.Supp. 956, 960 (D.D.C.1988). The Court concludes that FBI properly applied Exemption 7(D) to

confidential sources, their symbol numbers, and the information they provided. Lastly, with respect to information supplied by state or local authorities to federal officials, the Court also finds that FBI properly withheld this information. *See* 5 U.S.C. § 552(b)(7)(D) (noting that confidential sources include state or local authorities).

### F. FOIA Exemption 7(E)

 Exemption 7(E) permits the withholding of investigative records compiled for law enforcement purposes to the extent that the release of such records "would disclose techniques and procedures for law enforcement investigations or prosecutions if [their] disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § (b)(7)(E), *as amended by* Pub.L. No. 99–570. FBI applied this exemption to protect information from "Form FD–515s." Hodes Decl. ¶ 39. These forms relate to the status of FBI's investigations, describe and assess law enforcement techniques, and report investigative achievements and statistical results. *Id.* FBI also asserted the exemption with respect to radio channels used during physical surveillance and the transmitter numbers used to monitor conversations. *Id.* ¶ 40. The Court finds that FBI properly applied the exemption to prevent potential harm to future law enforcement activities.

### Conclusion

The Court concludes that FBI has established by detailed affidavits that the redacted information and withheld documents are indeed exempt from disclosure. As DOJ's components, the Central District, EOUSA, and FBI, have provided plaintiff with the documents responsive to his FOIA requests to the extent permitted by the access provisions of the Privacy Act and FOIA, this case is properly disposed of on summary judgment grounds with respect to DOJ. No genuine issue of material fact exists, and DOJ is entitled to judgment as a matter of law.

An appropriate order and judgment shall accompany this Memorandum Opinion.

### ORDER

Upon consideration of 1) the motion of the United States Attorney's Office for the Central District of California for reconsideration of the Court's decision denying its motion to substitute the Department of Justice for itself and ordering a *Vaughn* index and 2) the Department of Justice's motion to dismiss or, alternatively, for summary judgment, and for the reasons stated in the accompanying Memorandum Opinion, it is this 17th day of May 1999,

ORDERED that the motion for reconsideration [# 65–1] be, and hereby is, granted; it is further

ORDERED that the Court's Order of March 22, 1999, denying defendant's motion to substitute the agency as defendant be, and hereby is, vacated; it is further

ORDERED that defendant's motion to substitute the agency as defendant [# 52] be, and hereby is, granted; it is further

ORDERED that the Department of Justice be, and hereby is, substituted for the United States Attorney's Office for the Central District of California as the defendant in this case; it is further

ORDERED that the Court's Order of March 22, 1999, joining EOUSA and FBI as necessary parties be, and hereby is, vacated; it is further

ORDERED that the Court's Order of March 22, 1999, directing FBI to provide plaintiff and the Court with a *Vaughn* index and holding defendant's motion for summary judgment in abeyance until FBI provides a *Vaughn* index be, and hereby is, vacated; it is further

ORDERED that the Department of Justice's motion for summary judgment [# 58–2] be, and hereby is, granted; and it is further

ORDERED that this case be, and hereby is, closed.

36

## *JUDGMENT*

Pursuant to Fed.R.Civ.P. 58 and for the reasons given in the accompanying Memorandum Opinion and Order permitting the substitution of the Department of Justice for the United States Attorney's Office for the Central District of California as the defendant in this case and granting the Department of Justice's motion for summary judgment, it is this 17th day of May 1999,

ORDERED that judgment be, and hereby is, entered with respect to the Department of Justice; and it is further

ORDERED that this case be, and hereby is, closed.